**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HUDSON DOUBLE, <br><br>        *Plaintiff,* <br><br>   -against- <br><br> VASSAR COLLEGE, <br><br>        *Defendant.* | Case No.: 7:25-cv-10512-PMH |

<u>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE**</u>

**NESENOFF & MILTENBERG, LLP**
**363 Seventh Avenue, Fifth Floor**
**New York, New York 10001**
**(212) 736-4500**

*Attorneys for Sebastian Woods-DeLeon*

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................... 1

ARGUMENT .................................................................................................................. 1

I.    SEBASTIAN WOODS-DELEON SHOULD BE PERMITTED TO INTERVENE IN THIS ACTION .............................................................................................................. 1

    a.    The Motion is Timely .................................................................................... 1

    b.    Woods-DeLeon Has a Direct Interest in Confidentiality in this Action ......................... 2

    c.    The Outcome of the Action Could Impair Woods-DeLeon's Interests ......................... 3

    d.    Woods-DeLeon's Interests Are Not Adequately Represented ..................................... 3

II.   WOODS-DELEON SHOULD BE PERMITTED TO PROCEED VIA PSEUDONYM .. 3

    a.    Woods-DeLeon's Interest in Remaining Anonymous Outweighs the Need for Public Disclosure ......................................................................................................... 5

    b.    Further Identification of Woods-DeLeon would Pose a Risk of Retaliatory Physical or Mental Harm, and Would Result in Significant Harm ............................................. 9

    c.    Identification Presents Other, Severe Harms That Would Be Incurred as a Result of the Disclosure of Woods-DeLeon's Identity ............................................................... 10

    d.    Plaintiff Will Not Be Prejudiced by Allowing Woods-DeLeon to be Named in This Case Anonymously ............................................................................................... 11

    e.    There is a Weak Public Interest in Knowing Woods-DeLeon's Identity ...................... 12

    f.    Woods-DeLeon Has Sought to Keep His Identity Confidential ................................... 13

    g.    There Are Minimal Alternative Mechanisms for Protecting the Confidentiality of Woods-DeLeon ................................................................................................... 14

III.  THIS COURT SHOULD SEAL THE PLEADINGS WHICH PUBLICLY IDENTIFY WOODS-DELEON .......................................................................................................... 14

    a.    Woods-DeLeon Has Demonstrated Good Cause to Seal the Record .......................... 15

CONCLUSION ............................................................................................................... 17

i

# TABLE OF AUTHORITIES

**Cases**

*A.B. v. C.D.*,
No. 17 Civ. 5840 (DRH) (AYS), 2018 WL 1935999 (E.D.N.Y. Apr. 24, 2018) ...................... 5

*A.B. v. Hofstra University*, No. 17 Civ. 5562 (DRH) (AYS), 2018 WL 1935986 (E.D.N.Y. Apr.
24, 2018) ........................................................................................................................... 5

*Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*,
814 F.3d 132 (2d Cir. 2016)................................................................................... 14, 15

*Blum v. Schlegel*,
150 F.R.D. 38 (W.D.N.Y. 1993).................................................................................... 2

*Butler, Fitzgerald & Potter v. Sequa Corp.*,
250 F.3d 171 (2d Cir. 2001)......................................................................................... 3

*Doe No. 2 v. Kolko*,
242 F.R.D. 193 (E.D.N.Y. 2006) ................................................................................ 12

*Doe v. Alger*,
317 F.R.D. 37 (W.D. Va. 2016).............................................................................. 8, 10

*Doe v. Allegheny College*,
No. 17-cv-00031 (W.D.Pa. May 1, 2017).................................................................... 9

*Doe v. Amherst Coll.*,
238 F. Supp. 3d 195 (D. Mass. 2017) .......................................................................... 7

*Doe v. Baum*,
903 F.3d 575 (6th Cir. 2018) ....................................................................................... 7

*Doe v. Boulder Valley Sch. Dist. No. RE-2*,
2011 WL 3820781 (Aug. 30, 2011) ........................................................................... 12

*Doe v. Brandeis Univ.*,
177 F. Supp. 3d 561 (D. Mass. 2016) .......................................................................... 8

*Doe v. Brown Univ.*,
166 F. Supp. 3d 177 (D.R.I. 2016)............................................................................... 7

*Doe v. Colgate Univ.*,
No. 15-CV-1069 (LEK) (DEP), 2016 WL 1448829 (N.D.N.Y. Apr. 12, 2016) .............. 7, 9, 12

*Doe v. Columbia University*,
831 F.3d 46 (2d Cir. 2016)....................................................................................... 6, 7

*Doe v. Del Rio*,
241 F.R.D. 154 (S.D.N.Y. 2006) ............................................................................... 13

*Doe v. Doe*,
No. 20-CV-5329(KAM)(CLP), 2020 WL 6900002 (E.D.N.Y. Nov. 24, 2020)....................... 13

*Doe v. George Washington Univ.*,
321 F. Supp. 3d 118 (D.D.C. 2018) ............................................................................. 7

*Doe v. Grinnell Coll.*,
No. 17-CV-00079 (RGE) (SBJ) (S.D. Iowa July 10, 2017) ......................................... 9

*Doe v. Middlebury*,
No. 15-CV-192 (JGM), 2015 WL 5488109 (D.Vt. Sept. 16, 2015) ............................................ 8

*Doe v. Pennsylvania State Univ.*,
336 F. Supp. 3d 441 (M.D. Pa. 2018) .................................................................................. 7

*Doe v. Penzato*,
10-CV-5154 (MEJ), 2011 WL 1833007 (N.D. Cal. May 13, 2011) ........................................... 8

*Doe v. Salisbury Univ.*,
107 F. Supp. 3d 481 (D. Md. 2015) ..................................................................................... 8

*Doe v. Swarthmore College*,
No. 2:14-cv-00532-SD (E.D. Pa. Jan. 29, 2014) ................................................................... 9

*Doe v. The Trustees of the Univ. of Pennsylvania*,
270 F. Supp. 3d 799 (E.D. Pa. 2017) ................................................................................... 7

*Doe v. Trs. of Columbia Univ. in the City of New York*,
No. 25-CV-1108 (ER), 2025 WL 2319513 (S.D.N.Y. Aug. 12, 2025) ........................ 4, 5, 6, 12

*Doe v. Trs. of Univ. of Pennsylvania*,
No. 16-cv-05088-JP (E.D. Pa. Sept. 26, 2016) ................................................................... 10

*Doe v. Trustees of Bos. Univ.*,
No. CV 24-10619-FDS, 2024 WL 4700161 (D. Mass. Nov. 6, 2024) ..................................... 11

*Doe v. Trustees of Boston Coll.*,
892 F.3d 67 (1st Cir. 2018) ................................................................................................. 7

*Doe v. Univ. of Montana*,
2012 WL 2416481 (D. Mont. 2012) ..................................................................................... 8

*Doe v. Univ. of S. Florida Bd. Of Trustees*,
15-CV-682-T-30 (EAJ), 2015 WL 3453753 (M.D. Fla. 2015) ............................................... 8

*Doe v. Univ. of S.C.*,
No. 18-CV-161 (TLW) (PJG), 2018 WL 1215045 (D.S.C. Feb. 12, 2018) .............................. 7

*Doe v. Univ. of Scis.*,
No. 19-cv-00358, 2019 WL 632022 (E.D. Pa. Feb. 14, 2019) ............................................... 7

*Doe v. Univ. of St. Thomas*,
No. 16-CV-1127(ADM) (KMM), 2016 WL 9307609 (D. Minn. May 25, 2016) ...................... 8

*Doe v. Univ. of the South*,
687 F. Supp. 2d 744 (E.D. Tenn. 2009) ............................................................................... 8

*Doe v. Virginia Polytechnic Inst. & State Univ.*,
No. 18-CV-170, 2018 WL 5929647 (W.D. Va. Nov. 13, 2018) ............................................ 10

*Doe v. Washington & Lee Univ.*,
No. 14-CV-00052, 2015 WL 4647996 (W.D. Va. Aug. 5, 2015) ............................................ 8

*Doe v. Yeshiva University*,
703 F. Supp. 3d 473 (S.D.N.Y. 2023)................................................................................... 6

*Does I thru XXIII v. Advanced Textile Corp.*,
214 F.3d 1058 (9th Cir. 2000) ........................................................................................... 11

iii

*Dorsett v. Cty. of Nassau*,
   289 F.R.D. 54 (E.D.N.Y. 2012) ................................................................................................. 1
*EW v. New York Blood Ctr.*,
   213 F.R.D. 108 (E.D.N.Y. 2003) ........................................................................................ 7, 10
*Floyd v. City of N.Y.*,
   302 F.R.D. 69 (S.D.N.Y. 2014) ................................................................................................ 1
*Giuffre v. Maxwell*,
   No. 15 Civ. 7433 (LAP) (S.D.N.Y. Mar. 31, 2020) .............................................................. 5
*Giuffre v. Maxwell*,
   Nos. 24-182, 24-203, 2025 WL 2055148 (2d Cir. July 23, 2025) ......................................... 5
*Grottano v. The City of New York*,
   No. 15CIV9242RMBKNF, 2016 WL 2604803 (S.D.N.Y. Mar. 30, 2016) ............................ 4
*Lichtman v. Blom*,
   1990 WL 241646 (S.D.N.Y. Dec. 27, 1990) .......................................................................... 2
*Nixon v. Warner Commc'ns, Inc.*,
   435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) .......................................................... 14
*Plaintiffs I–XXIII v. Advanced Textile Corp.*,
   214 F.3d 1058 (9th Cir.2000) ................................................................................................. 8
*Republic of the Philippines v. Abaya*,
   312 F.R.D. 119 (S.D.N.Y. 2015) ............................................................................................ 3
*Restor–A–Dent Dental Lab., Inc. v. Certified Alloy Prods., Inc.*,
   725 F.2d 871 (2d Cir.1984) ..................................................................................................... 1
*Roe v. St. John's University*,
   91 F.4th 643 (2d Cir. 2024) .................................................................................................... 6
*Sealed Plaintiff v. Sealed Defendant*,
   537 F.3d (2d Cir. 2008) .................................................................................................. 3, 4, 14
*Spin Master, Ltd. v. Aomore-U.S.*,
   No. 23 Civ. 7099 (DEH), 2024 WL 3250815 (S.D.N.Y. June 28, 2024) ............................... 5
*Trbovich v. United Mine Workers of Am.*,
   404 U.S. 528 (1972) ................................................................................................................ 3
*United States v. Amodeo*,
   71 F.3d 1044 (2d Cir. 1995) .................................................................................................... 6
*United States v. New York*,
   820 F.2d 554 (2d Cir.1987) ..................................................................................................... 1
*United States v. Palermino*,
   238 F.R.D. 118 (D. Conn. 2006) ............................................................................................. 2
*United States v. Peoples Benefit Life Ins. Co.*,
   271 F.3d 411 (2d Cir. 2001) .................................................................................................... 2
*United States v. Pitney Bowes, Inc.*,
   25 F.3d 66 (2d Cir. 1994) ........................................................................................................ 1

**Rules**

Federal Rule of Civil Procedure 24(a)(2) ...................................................................................... 1

**Other Authorities**

"Sealed Cases in Federal Court", October 23, 2009,
   https://www.uscourts.gov/sites/default/files/sealed-cases.pdf................................................. 16
Wright & Miller,
   Federal Practice and Procedure § 1902 (2d ed. 1986 & Supp. 1993)......................................... 1

v

## INTRODUCTION

Non-party Sebastian Woods-DeLeon ("Woods-DeLeon"), by his undersigned counsel, respectfully moves this Court to intervene and for an order sealing the initiating documents in this matter and replacing Woods-DeLeon's name with the pseudonym "John Doe."

## ARGUMENT

### I.    SEBASTIAN WOODS-DELEON SHOULD BE PERMITTED TO INTERVENE IN THIS ACTION

Federal Rule of Civil Procedure 24(a)(2) provides a right of intervention to a party that "(1) files a timely motion; (2) asserts an interest relating to the property or transaction that is the subject of the action; (3) is so situated that without intervention the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) has an interest not adequately represented by the other parties." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994) (citing *United States v. New York*, 820 F.2d 554, 556 (2d Cir.1987); *Restor–A–Dent Dental Lab., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 874 (2d Cir.1984)). Woods-DeLeon easily satisfies these requirements[1].

#### a.   The Motion is Timely

Regarding the first prong, "[w]hether a motion to intervene is timely is determined within the sound discretion of the trial court from all the circumstances." *Pitney Bowes*, 25 F.3d at 70. Plaintiff filed its Complaint on December 18, 2025. This motion is being filed a few days after the

---

[1] In the alternative, Woods-DeLeon should be permitted to intervene at the discretion of the Court. *See* Fed. R. Civ. P. 24(b). "Courts may consider the same factors under Rule 24(b) permissive intervention as with intervention as of right under Rule 24(a)." *Floyd v. City of N.Y.*, 302 F.R.D. 69, 84 (S.D.N.Y. 2014). "While the criteria for intervention under 24(a) and (b) differ, the 'distinction is neither as clearcut [sic] nor as important as the usual statement would suggest.'" *Dorsett v. Cty. of Nassau*, 289 F.R.D. 54, 71 (E.D.N.Y. 2012) (quoting Wright & Miller, Federal Practice and Procedure § 1902, at 231 (2d ed. 1986 & Supp. 1993)).

commencement of the action. Additionally, Plaintiff never notified Woods-DeLeon of the action and he is filing his motion within days of learning of its existence and before any substantive discovery has taken place. Moreover, to date, the named Defendants have not yet appeared. There is no question of untimeliness.

### b.  Woods-DeLeon Has a Direct Interest in Confidentiality in this Action

Under the second prong, an intervenor "need not have an independent cause of action to be considered to have an interest[.]" *United States v. Palermino*, 238 F.R.D. 118, 121 (D. Conn. 2006). Rather, the interest at issue must be "direct, substantial, and legally protectable," instead of "remote . . . [or] contingent upon the occurrence of a sequence of events before it becomes colorable[.]" *United States v. Peoples Benefit Life Ins. Co.*, 271 F.3d 411, 415 (2d Cir. 2001). Woods-DeLeon's interest derives directly from the Complaint, which has already violated his confidentiality by naming him and referencing an ongoing university conduct process[2].

Courts routinely recognize an interest in confidentiality as a proper basis for intervention. *See, e.g., Blum v. Schlegel*, 150 F.R.D. 38, 39 (W.D.N.Y. 1993) (granting motion "to intervene in this action for the limited purpose of protecting [intervenor's] interest in the confidentiality of the information contained in documents requested by Plaintiff during the course of discovery"); *Lichtman v. Blom*, 1990 WL 241646, at *1 (S.D.N.Y. Dec. 27, 1990) (granting "motion of the intervenors . . . to preclude any discovery that would result in their identities being revealed"). Woods-DeLeon's identity is a particularly confidential and sensitive matter. *See* Part III, *infra*.

---

[2] Moreover, Plaintiff's usage of confidential student records, including those referencing Woods-DeLeon's ongoing university conduct investigation, is a violation of Woods-DeLeon's rights under the Family Educational Rights and Privacy Act (FERPA).

2

### c.  The Outcome of the Action Could Impair Woods-DeLeon's Interests

"As to the third requirement, impairment, the proposed intervenor must show that his interest may be impaired by the disposition of the action, which can be satisfied by asserting that as a practical matter, an adverse decision may compromise the party's claims." *Republic of the Philippines v. Abaya*, 312 F.R.D. 119, 124 (S.D.N.Y. 2015) (internal quotation marks omitted). Woods-DeLeon's privacy interest is threatened by Plaintiff's Complaint and continuation of this action, and Woods-DeLeon has no other means of protecting that interest. If Woods-DeLeon's motion to intervene and proceed pseudonymously is not granted, his interest in privacy and security, as described in more detail below, will be irreparably compromised.

### d.  Woods-DeLeon's Interests Are Not Adequately Represented

Under the fourth prong, "the burden to demonstrate inadequacy of representation is generally speaking 'minimal[.]'" *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001) (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 (1972)). Here, as Plaintiff has identified Woods-DeLeon by name, alleging him to have committed sexual assault crimes and made him a central part of Plaintiff's Complaint, no party to this litigation would be representing Woods-DeLeon's interest in privacy and security. Accordingly, Woods-DeLeon's presence in the litigation as an Intervenor is warranted and necessary.

## II.    WOODS-DELEON SHOULD BE PERMITTED TO PROCEED VIA PSEUDONYM

The Second Circuit has identified the relevant inquiry on a motion to proceed by pseudonym as "a balancing test that weighs the plaintiff's need for anonymity against countervailing interests in full disclosure." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (reversing district court's denial of plaintiff's motion to proceed by pseudonym,

3

where plaintiff was suing state and municipal officers for sexual assault). In balancing these interests, the reviewing court looks to the following non-exhaustive factors:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) **whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties**; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

> *Id.* at 190 (emphasis added) (internal quotations and citations omitted); *see also Grottano v. The City of New York,* No. 15CIV9242RMBKNF, 2016 WL 2604803, at *2 (S.D.N.Y. Mar. 30, 2016).

The *Sealed Plaintiff* factors are also considered when deciding whether to grant a non-party pseudonym status. *See Doe v. Trs. of Columbia Univ. in the City of New York*, No. 25-CV-1108 (ER), 2025 WL 2319513, at *8 (S.D.N.Y. Aug. 12, 2025) ("Given the sensitive and private nature of the allegations here, the Sealed Plaintiff factors weigh in favor of pseudonymizing [non-party students]." "Although the ten factors in Sealed Plaintiff are highly instructive, courts are not required to consider all or any of them, nor are they required to use any particular approach, so long as they balance the relevant interests at stake when reaching a conclusion." *Id.* "Notably,

4

other courts have weighed the ten factors and determined matters involving sexual harassment to be highly sensitive and personal." *Id.* (citing *A.B. v. C.D.*, No. 17 Civ. 5840 (DRH) (AYS), 2018 WL 1935999, at *2 (E.D.N.Y. Apr. 24, 2018) (in defamation suit, finding "the litigation here involves matters that are of a highly sensitive and personal nature, as the case relates—in part—to allegations of sexual harassment and misconduct"); *A.B. v. Hofstra University*, No. 17 Civ. 5562 (DRH) (AYS), 2018 WL 1935986, at *2 (E.D.N.Y. Apr. 24, 2018) (same)).

When the factors favoring non-disclosure outweigh the factors favoring public access, the reviewing court should grant the movant's motion to proceed by pseudonym. As explained in further detail below, an evaluation of the relevant factors in this case militates in favor of permitting Woods-DeLeon to proceed pseudonymously[3].

### a. Woods-DeLeon's Interest in Remaining Anonymous Outweighs the Need for Public Disclosure

#### i. The Litigation Involves Matters That Are Highly Sensitive and of a Personal Nature

"Courts have long recognized the privacy interests of non-parties, who often cannot seek pseudonym status for themselves." *Doe v. Trs. of Columbia Univ. in the City of New York*, No. 25-CV-1108 (ER), 2025 WL 2319513, at *7 (S.D.N.Y. Aug. 12, 2025) (citing *Spin Master, Ltd. v. Aomore-U.S.*, No. 23 Civ. 7099 (DEH), 2024 WL 3250815, at *2 (S.D.N.Y. June 28, 2024) (granting motion to seal documents that "implicate the interests of innocent third parties not presently before the Court"); *Giuffre v. Maxwell*, Nos. 24-182, 24-203, 2025 WL 2055148, at *3 (2d Cir. July 23, 2025) (pseudonymizing identities of "non-parties whose privacy, reputation, or other interests may be implicated") (quoting *Giuffre v. Maxwell*, No. 15 Civ. 7433 (LAP) (S.D.N.Y. Mar. 31, 2020))). "Both the Second Circuit and courts in this District also commonly

---

[3] Woods-DeLeon also requests that his mother, who is also named in the Complaint, be referred to as pseudonym as disclosure of his mother's name would identify Woods-DeLeon.

pseudonymize non-party former students in Title IX cases." *Id; see also Doe v. Yeshiva University,* 703 F. Supp. 3d 473, 483–84 (S.D.N.Y. 2023) (pseudonymizing student plaintiff and non-party in Title IX proceedings); *Doe v. Columbia University*, 831 F.3d 46, 48–49 (2d Cir. 2016) (pseudonymizing student plaintiff and defendant in Title IX proceedings); *Roe v. St. John's University*, 91 F.4th 643, 647 n.1 (2d Cir. 2024) (pseudonymizing student plaintiff, defendant, and non-party in Title IX proceedings).

Woods-DeLeon should be permitted to proceed under a pseudonym given the highly sensitive and personal nature of this litigation. As is evident from the Complaint, the claims which form the subject of this Complaint involve extremely intimate, graphic, sexual acts. Woods-DeLeon respectfully suggests that the need for privacy of the involved individuals significantly outweighs the general public's need to know their identities. *See Doe v. Trs. of Columbia Univ. in the City of New York*, 2025 WL 2319513, at *8; *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("[C]ourts have the power to insure [sic] that their records are not used to gratify private spite.").

Further, Woods-DeLeon does not merely contend that the further revelation of his name would result in embarrassment or public humiliation. Rather, Woods-DeLeon notes the highly sensitive issues involved with claims of sexual assault. Moreover, recognizing the delicate nature of cases such as the one at bar, courts across the country have routinely permitted similarly situated movants—individuals falsely accused of sexual misconduct and/or intimate partner violence—to proceed by pseudonym, acknowledging the great danger such individuals face in proceeding under their own names, and the futility of the lawsuit if the allegations will be forever publicly associated with individuals' names. "[I]n lawsuits centering around sexual activity and behavior, a plaintiff is entitled to proceed under a pseudonym where revealing the plaintiff's name subjects him or her

6

to the risk of public disapproval, harassment, or bodily harm." *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003).

As the District Court for the Northern District of New York has explained, "protecting the anonymity of sexual assault victims and those accused of committing sexual assault can be an important safeguard to ensure that the due process rights of all parties are protected." *Doe v. Colgate Univ.*, No. 15-CV-1069 (LEK) (DEP), 2016 WL 1448829, at *2 (N.D.N.Y. Apr. 12, 2016) (emphasis added). *See also Doe v. Baum*, 903 F.3d 575 (6th Cir. 2018) (student found responsible for sexual misconduct); *Doe v. Columbia Univ.*, 831 F.3d 46 (2d Cir. 2016) (student found responsible for sexual misconduct); *Doe v. Univ. of Scis.*, No. 19-cv-00358, 2019 WL 632022, at *1 (E.D. Pa. Feb. 14, 2019) (plaintiff permitted to proceed as John Doe without formal motion practice); *Doe v. Trustees of Boston Coll.*, 892 F.3d 67 (1st Cir. 2018); *Doe v. Pennsylvania State Univ.*, 336 F. Supp. 3d 441, 442 (M.D. Pa. 2018); *Doe v. George Washington Univ.*, 321 F. Supp. 3d 118 (D.D.C. 2018) (plaintiff student found responsible for sexual assault in university Title IX proceeding); *Doe v. Univ. of S.C.*, No. 18-CV-161 (TLW) (PJG), 2018 WL 1215045, at *1 (D.S.C. Feb. 12, 2018) ("Doe has demonstrated compelling interests in anonymity in this matter because of the personal and sensitive nature of the underlying facts of this case, which involve allegations of sexual assault."), report and recommendation adopted, 2018 WL 1182508 (D.S.C. Mar. 6, 2018); *Doe v. The Trustees of the Univ. of Pennsylvania*, 270 F. Supp. 3d 799, 805 (E.D. Pa. 2017) (plaintiff student found responsible for sexual assault in university Title IX proceeding); *Doe v. Amherst Coll.*, 238 F. Supp. 3d 195, 202 n.1 (D. Mass. 2017) (noting court had previously granted plaintiff's pseudonym motion, where plaintiff student was found responsible for sexual misconduct in school Title IX proceeding); *Doe v. Brown Univ.*, 166 F. Supp. 3d 177 (D.R.I. 2016) (plaintiff student found responsible for sexual assault permitted to proceed as John Doe); *Doe v.*

7

*Univ. of St. Thomas*, No. 16-CV-1127(ADM) (KMM), 2016 WL 9307609, at *2 (D. Minn. May 25, 2016) ("In cases involving intensely personal matters, the normal practice of disclosing the parties' identities yields to a policy of protecting privacy. . . . The complaint and its supporting documents describe very private sexual acts, whether consensual or not, between two young college students, and it is difficult to imagine any resolution of this case without further exploration of truly intimate matters." (citations omitted)); *Doe v. Brandeis Univ.*, 177 F. Supp. 3d 561 (D. Mass. 2016) (student found responsible for sexual assault); *Doe v. Alger*, 317 F.R.D. 37, 40 (W.D. Va. 2016) (granting motion to proceed as pseudonym by student found responsible for sexual misconduct); *Doe v. Middlebury*, No. 15-CV-192 (JGM), 2015 WL 5488109 (D.Vt. Sept. 16, 2015) (student found responsible for sexual misconduct); *Doe v. Univ. of S. Florida Bd. Of Trustees*, 15-CV-682-T-30 (EAJ), 2015 WL 3453753 (M.D. Fla. 2015) (student accused of battery, threats, and violence against girlfriend); *Doe v. Salisbury Univ.*, 107 F. Supp. 3d 481 (D. Md. 2015) (student accused of sexual assault); *Doe v. Washington & Lee Univ.*, No. 14-CV-00052, 2015 WL 4647996 (W.D. Va. Aug. 5, 2015) (student expelled after finding of nonconsensual intercourse); *Doe v. Univ. of Montana*, 2012 WL 2416481 (D. Mont. 2012) ("With respect to the individual students involved in the Student Conduct Code proceeding, as well as the witnesses . . . involved in that proceeding, the Court finds that the interests of those individuals in avoiding undue embarrassment, harassment, and disclosure of sensitive private information outweigh the public's need to know their names." (citing *Plaintiffs I–XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068–69 (9th Cir.2000))); *Doe v. Univ. of the South*, 687 F. Supp. 2d 744 (E.D. Tenn. 2009) (student found responsible for sexual misconduct); *Doe v. Penzato*, 10-CV-5154 (MEJ), 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011) (granting motion by plaintiff alleging sexual assault to proceed as pseudonym); *Doe v. Grinnell Coll.*, No. 17-CV-00079 (RGE) (SBJ) (S.D. Iowa July

10, 2017), ECF No. 39 (finding "the determinative factor here is that disclosure of plaintiff's identity would cause the injury litigated against to be incurred as a result of the disclosure"); *Doe v. Allegheny College*, No. 17-cv-00031 (W.D.Pa. May 1, 2017), ECF No. 18 (granting plaintiff's motion to proceed by pseudonym); *Doe v. Swarthmore College*, No. 2:14-cv-00532-SD (E.D. Pa. Jan. 29, 2014), ECF No. 3 (finding the balance in favor of anonymity "compelling").

Thus, factor one weighs heavily in favor of granting pseudonym status.

### b. Further Identification of Woods-DeLeon would Pose a Risk of Retaliatory Physical or Mental Harm, and Would Result in Significant Harm

Woods De-Leon should be permitted to proceed anonymously in this matter as further revelation of his identify would result in significant harm to him, the exact type which he seeks to remedy through his defense of the university conduct process which is referenced in the Complaint. *See Doe v. Colgate Univ.*, No. 5:15-CV-1069 (LEK/DEP), 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) ("[s]hould Plaintiff prevail in providing that the charges against him were unfounded and the procedures Defendants followed in their investigation were unfair, forcing Plaintiff to reveal his identity would further exacerbate the emotional and reputational injuries he alleges."). Keeping in mind Woods-DeLeon is *not* a party to this action, Plaintiff will only be providing a one-sided narrative, one not favorable to Woods-DeLeon. The Court's inherent power to grant Mr. Woods-DeLeon pseudonym status provides some protection from the one-sided false narrative being presented by the Plaintiff.

The nature of the subject matter at hand, and the social and political climate surrounding accusations of sexual misconduct, strongly warrant protection of the parties by permitting them to remain anonymous. As other courts have noted, "it stands to reason that there are some persons who would seek to inflict physical or mental harm on Doe if they learned of his real name, especially in light of the ongoing national conversation about sexual misconduct on college

campuses." *Alger*, 317 F.R.D. at 40 (granting motion to proceed by pseudonym to male student plaintiff found responsible for sexual assault in university Title IX proceeding, over defendants' objection that plaintiff "has not been targeted for violence to date [and] cannot name any individual friend or relative of Roe's who might potentially target him"); *see also Doe v. Virginia Polytechnic Inst. & State Univ.*, No. 18-CV-170, 2018 WL 5929647, at *3 (W.D. Va. Nov. 13, 2018) (granting motion to proceed by pseudonym to male student plaintiff found responsible for sexual assault in university Title IX proceeding, because identification "may put him at risk for physical or mental harm"); *Doe v. Trs. of Univ. of Pennsylvania*, No. 16-cv-05088-JP (E.D. Pa. Sept. 26, 2016) ECF No. 12 (granting motion for pseudonym, noting the plaintiff "has a legitimate fear of significant harm should the preliminary finding of his responsibility for a sexual assault be made public"); *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) ("[M]any courts have held that, in lawsuits centering around sexual activity and behavior, a plaintiff is entitled to proceed under a pseudonym where revealing the plaintiff's name subjects him or her to the risk of public disapproval, harassment, or bodily harm."). Moreover, in this case, Woods-DeLeon is not a party to this action and has no ability to otherwise protect his interests. The university conduct process has not yet concluded, and Plaintiff's Complaint ruins Woods-DeLeon's reputation, even if he is ultimately found not responsible.

Thus, factor two weighs heavily in favor of granting pseudonym status.

### c. Identification Presents Other, Severe Harms That Would Be Incurred as a Result of the Disclosure of Woods-DeLeon's Identity

The revelation of Woods-DeLeon's identity would result in significant, irreparable harm to him, the exact type which he seeks to avoid by way of his defense of the university conduct process. Specifically, if Plaintiff were permitted to further reveal Woods-DeLeon's identity, any ultimate success in the university conduct process would be negated by disclosure of his name.

10

Any public internet searches of his name would ultimately turn up results including this lawsuit and the horrifying false details of sexual assault. *See Doe v. Trustees of Bos. Univ.*, No. CV 24-10619-FDS, 2024 WL 4700161, at *6 (D. Mass. Nov. 6, 2024) ("If Doe's actual name were to be used in this case, a simple Internet search or background check would connect [plaintiff] with this dispute…immediately. But to connect [plaintiff]…without [plaintiff's] name being used, one would need to already suspect that [plaintiff] was involved, seek out the record of this lawsuit, and then look to the personal details disclosed and connect the dots.").

The harm that Woods-DeLeon fears has already occurred and if his name continues to be revealed in this case the harm will only be increased, concrete, severe, and lasting. In the current social climate, a mere allegation of sexual assault alone is enough to ruin a person's life and career. Woods-DeLeon should not be forced to risk his entire long professional future and personal reputation, especially when he is not a named party in this action and has no way to protect his own interests. His interest in privacy by far outweighs the public interest in open proceedings.

Thus, factor three weighs heavily in favor of granting pseudonym status.

### d. Plaintiff Will Not Be Prejudiced by Allowing Woods-DeLeon to be Named in This Case Anonymously

Permitting Woods-DeLeon to be referred to via pseudonym in this matter and precluding Plaintiff from further revealing his identity in court filings or otherwise will not "prejudice the opposing party's ability to litigate the case." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000). In the instant case, Plaintiff is well aware of Woods-DeLeon's identity. As such, Plaintiff is perfectly able to prosecute this case, gather relevant evidence, conduct discovery, and formulate defenses. Thus, other than the need to make redactions and take measures not to disclose Woods-DeLeon's identity, Plaintiff will not be hampered or inconvenienced merely by referring to Woods-DeLeon via pseudonym. *See Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198

11

(E.D.N.Y. 2006); *Doe v. Colgate University*, 1448829, at \*3 ("The Court further finds that Defendants will not be prejudiced by allowing Plaintiff to proceed anonymously. . . Defendants are aware of Plaintiff's true identity and will have an uninhibited opportunity to litigate this matter regardless of whether Plaintiff's identity is disclosed publicly."); Doe v. Trs. of Columbia Univ. in the City of New York, 2025 WL 2319513, at \*8 ("Doe will still 'be able to identify [M.J., J.L., and S.J.] based on the factual allegations in the [c]omplaint' and has the 'uninhibited opportunity to litigate this matter regardless of whether [their] identit[ies] [are] disclosed publicly.'").

Thus, factor four weighs heavily in favor of granting pseudonym status.

### e.  There is a Weak Public Interest in Knowing Woods-DeLeon's Identity

Woods-DeLeon should also be referred to pseudonymously in this action as the public does not have a strong interest in knowing his identity. Considering the purely legal nature of the claims presented, and Woods-DeLeon's status as a non-party, there is a weak public interest in learning his identity as an individual.

Although courts in the past strongly disfavored allowing parties to proceed anonymously except in extreme circumstances, the nature of the Internet today is such that any parties' identity is readily accessible via simple online search; thus, courts must be willing to afford additional protective measures to avoid further damage to a party involved in a matter concerning such egregious violations as the present one. *See Doe v. Boulder Valley Sch. Dist. No. RE-2*, 2011 WL 3820781, at \*3 (Aug. 30, 2011) ("[A]lthough the media frequently exercise discretion in not publishing the names of sexual assault victims, electronic case filing allows anyone with an internet connection to access public pleadings, which means that revealing plaintiffs' names could expose them to contact be persons seeking to exploit their perceived vulnerability").

Here, if Woods-DeLeon is required to have his name remain public on the docket, the public's access to his identity would leave him vulnerable to further exploitations and would result

12

in further damage to his future career endeavors, resulting in additional mental, emotional and psychological harm, the very harms which he seeks to remedy in this action.

Based on the foregoing, in consideration of the balancing of relevant factors, the Court should allow Woods-DeLeon to employ a pseudonym in this matter. The interests of Plaintiff and/or the public will not be harmed at this early stage of the case if his name is not revealed.

### f.   Woods-DeLeon Has Sought to Keep His Identity Confidential

"The extent to which the [individual's] identity has been kept confidential may . . . affect the weight of the privacy interest," because the individual's interest in anonymity throughout the litigation is stronger where she has sought to protect the anonymity prior to the litigation. *Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006). In the instant case, Woods-DeLeon has done everything in his power to keep this matter confidential. Further, the only time Woods-DeLeon has been publicly identified is in Plaintiff's Complaint. As the Eastern District of New York explained in a case where pseudonymity was granted to the defendant after he had already been named publicly in the original complaint:

> The seventh factor, whether the defendant's identity has thus far been kept confidential, also weighs in favor of his anonymity. Though the defendant's name appeared on the docket for approximately two weeks after the plaintiff filed her complaint, his name has not otherwise been associated with these allegations in the public media, as far as the court is aware. The plaintiff argues that the fact that the defendant's name appeared on the docket without the allegations becoming public suggests that it is unlikely that the press has taken an interest in the case. (See Pl. Opp. at 3.) However, it is not unlikely that the salacious nature of the allegations could result in the publication of the defendant's name, which would permanently link him to these allegations, whether or not proven.

*Doe v. Doe*, No. 20-CV-5329(KAM)(CLP), 2020 WL 6900002, at *3 (E.D.N.Y. Nov. 24, 2020). Mr. Woods-DeLeon is not here on his own accord. He has not voluntarily put himself before this Honorable Court by initiating a lawsuit. He is an innocent young man being dragged through the mud by the Plaintiff for the Plaintiff's own agenda. As noted above, Mr. Woods-DeLeon will not

be provided with an opportunity to defend himself in this litigation as he is *not* a party. He is not a party because the Plaintiff has no theory against him but that has not stopped the Plaintiff from causing him harm. Mr. Woods-DeLeon has been purposefully dragged into this litigation for the Plaintiff's personal motives to destroy Mr. Woods-DeLeon reputation. Mr. Woods-DeLeon has done everything in his power to maintain anonymity, and factor seven weighs in favor of granting pseudonym status.

### g. There Are Minimal Alternative Mechanisms for Protecting the Confidentiality of Woods-DeLeon

The final factor for this Court's consideration is whether there are alternative mechanisms for protecting Woods-DeLeon's confidentiality. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d at 190. In the instant case, the only alternative method would be to seal the entirety of this action; however, doing so would provide even less public access than Woods-DeLeon's proposal of simply protecting his identity. Thus, this factor weighs in favor of granting pseudonym status.

### III.   THIS COURT SHOULD SEAL THE PLEADINGS WHICH PUBLICLY IDENTIFY WOODS-DELEON

Courts "have long recognized the 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)). "The 'right to inspect and copy judicial records is not absolute,' however, and a court may exercise its 'supervisory power over its own records and files' to deny access 'where court files might have become a vehicle for improper purposes.'" *Id.* (quoting *Nixon*, 435 U.S. at 598, 98 S.Ct. 1306). As the Complaint is a judicial document, there is a presumption of access secured by the First Amendment and the common law. *Id.* at 141.

14

Under the First Amendment, those proposing sealing need to demonstrate that closure is necessary to preserve higher values and is narrowly tailored to serve that value. Id. at 144. Under the common law, "the presumption is a function of (1) the role of the material at issue in the exercise of Article III judicial power and (2) the resultant value of such information to those monitoring the federal courts, balanced against competing considerations such as privacy interests of those resisting disclosure." *Id.* at 142. Thus, regardless of whether the First Amendment or the common law is considered, both tests envision a balance of public interests in an open judiciary versus private interests in the maintaining the privacy of personal concerns.

### a.  Woods-DeLeon Has Demonstrated Good Cause to Seal the Record

Woods-DeLeon has demonstrated sufficient grounds to seal the initiating documents in this case, given that Woods-DeLeon's privacy interests in this case predominate the presumption that judicial records be open to the public. Plaintiff's Complaint by its very nature contains details of a highly sensitive and intimate nature—namely false allegations of sexual misconduct. Woods-DeLeon does not simply highlight that the disclosure of his name would result in public humiliation or embarrassment. Rather, he highlights the extremely sensitive nature and privacy issues that could be associated with being wrongfully linked to allegations of sexual misconduct.

It is important to note that this is not the type of case, like *Bernstein*, which involves allegations as to public corruption, which are of obvious interest to the general public. Rather, this case consists of allegations of sexual misconduct which are both highly sensitive and uniquely private to the parties. Therefore, the public's interest in maintaining the open nature of this action is limited to its interest in maintaining the openness of any action and there is no further interest specific to this case.

Although judicial decisions approving the sealing of an action are by their very nature sealed, the Federal Judicial Center conducted a study, published on October 23, 2009, available at

15

https://www.uscourts.gov/sites/default/files/sealed-cases.pdf ("Sealed Cases in Federal Court"), where they examined any case filed in 2006 and sealed entirely to determine the reason for which the actions were sealed. Included within the section headed "Other Cases Sealed Because the Parties Wanted Them Sealed," is the following:

> Employment action dismissed as settled and permanently sealed. The complaint alleges a pattern of unwanted sexual advances. On stipulated dismissal, the judge issued an order permanently sealing the record "upon the request and stipulation of the parties, and for good cause shown." According to the judge, the pleadings and settlement agreement included explicit and personal material, so the parties requested the matter sealed.

Sealed Cases in Federal Court at 13. Indeed, courts have agreed to seal matters where the filed documents were not nearly as sensitive and appear merely to have caused potential reputational harm. *See id*. at 9, 13. As one judge concisely explained his or her decision to seal a case, "[o]nly a single individual's rights and interests were at stake and at interest. No general public issue was involved. Those private rights were vindicated. Accordingly, I entered an appropriate order." *See id.* at 12.

Here, the interests at stake are purely private. Plaintiff's allegations, much like the case referenced above, were of an explicit and personal nature, describing unwanted sexual advances, thereby setting forth a strong private interest in keeping this matter private. This private interest stands in significant contrast to the lack of any general public issue. Moreover, Plaintiff's allegations have been made only for the purpose of derailing Woods-DeLeon's private life and professional career. Therefore, given the imbalance between the public and private interests, Woods-DeLeon respectfully requests that the Court seal the Complaint and other initiating documents in this matter which publicly identify Woods-DeLeon.

16

## CONCLUSION

For the reasons stated above, Woods-DeLeon respectfully requests that this Court grant his motion to intervene and proceed via pseudonym, and seal the Complaint and other initiating documents in this matter which publicly identify him, and replace Woods-DeLeon's name with "John Doe."

Dated: New York, New York
       December 30, 2025

NESENOFF & MILTENBERG, LLP

By: /s/ Andrew T. Miltenberg
    Andrew T. Miltenberg, Esq.
    Stuart Bernstein, Esq.
    Kristen Mohr, Esq.
    363 Seventh Avenue, Fifth Floor
    New York, New York 10001
    T. (212) 736-4500
    amiltenberg@nmllplaw.com
    sbernstein@nmllplaw.com
    kmohr@nmllplaw.com

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **HUDSON DOUBLE,** | |
| *Plaintiff,* | **Case No.: 7:25-cv-10512-PMH** |
| -against- | |
| **VASSAR COLLEGE,** | |
| *Defendant.* | |

**Andrew Miltenberg**, an attorney duly admitted to practice before the United States District Court for the Southern District of New York, certifies pursuant to Local Civil Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, that the total number of words in the Memorandum of Law in Support of Motion to Intervene, exclusive of the cover page, captions, table of authorities, table of contents, and signature block, is 5,534 words, according to the "Word Count" function of Microsoft Word, the word-processing system used to prepare the document. Thus, the document complies with the word count limit of no more than 8,750 words set forth in Rule 7.1(c).

Dated: New York, New York
      December 30, 2025

                    **NESENOFF & MILTENBERG, LLP**

                    By: */s/ Andrew T. Miltenberg*
                    Andrew T. Miltenberg, Esq.

18

## <u>CERTIFICATE OF SERVICE</u>

I, Andrew T. Miltenberg, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be served upon anyone indicated as a non-registered participant.

*/s/ Andrew T. Miltenberg*
Andrew T. Miltenberg, Esq.

19