**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X
                                                           :
**HUDSON DOUBLE,**                                         :
                                                           :       **Case No. 7:25-cv-10512 (PMH)(JCM)**
                                    *Plaintiff*,           :
                                                           :
              -against-                                    :
                                                           :
                                                           :
**VASSAR COLLEGE,**                                        :
                                                           :
                                  *Defendant.*             :
                                                           :
-----------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO**
**SEBASTIAN WOODS-DELEON'S MOTION TO INTERVENE**

Phillip C. Hamilton
HAMILTON CLARKE, LLP
48 Wall Street, Suite 1100
New York, New York 10005
(T) 212-729-0952
Hamilton@HCLLPLaw.com

*Attorney for Plaintiff Hudson Double*

i

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES..................................................................................................... iv

INTRODUCTION ................................................................................................................... 1

ARGUMENT ........................................................................................................................... 3

    I.   WOODS-DELEON PROVES NO RIGHT TO INTERVENE. ......................................... 3

        A.  Woods-DeLeon Lacks a "Direct, Substantial, and Legally Protectable" Interest. ........ 3

        B.  Woods-DeLeon Fails to Show a Cognizable Interest, Much Less an Impaired One. ... 6

        C.  Vassar Adequately Represents Woods-DeLeon's Interests. .......................................... 6

        D.  This Court Should Deny Permissive Intervention. ....................................................... 7

   II.  EVEN IF HE LAWFULLY INTERVENES, WOODS-DELEON FAILS TO MEET THE MULTIFACTOR STANDARD FOR PSEUDONYMITY.................................................. 7

        A.  Factor One: This Action Challenges Institutional Retaliation, Which is Not Highly Sensitive or Personal........................................................................................................ 9

        B.  Factor Two: Woods-DeLeon Fails To Show That Identification Risks "Retaliation" Or Harm to "Innocent" Parties, of Which He Is Not. ......................................................11

        C.  Factor Three: Woods-DeLeon Demonstrates No Other Harms or Injuries................. 13

        D.  Factor Four: Woods-DeLeon Is Not A Vulnerable Party (Undisputed). ..................... 15

        E.  Factor Five: This Action Involves Private Parties, Not Governments (Undisputed).. 15

        F.  Factor Six: Anonymity Prejudices Plaintiff (Undisputed). ......................................... 16

        G.  Factor Seven: Woods-DeLeon Has Not Kept His Identity Confidential. ................... 17

        H.  Factor Eight: Anonymity Undercuts the Public Interest. ........................................... 18

        I.   Factor Nine: This Case Involves Fact-Intensive Claims............................................ 19

J.    Factor Ten: Woods-DeLeon Fails to Show That Less Drastic Alternatives Are Unavailable. ................................................................................................. 20

III. WOODS-DELEON CANNOT MEET THE HEAVY SHOWING REQUIRED FOR SEALING. ............................................................................................................. 20

CONCLUSION............................................................................................................. 21

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*A.B. v. Hofstra Univ.*,
  No. 17-cv-5562, 2018 WL 1935986 (E.D.N.Y. Apr. 24, 2018) ............................................. 18

*A.B. v. C.D.*,
  No. 2:17-cv-5840, 2018 WL 1935999 (E.D.N.Y. Apr. 24, 2018) ............................................11

*A.S. v. City School District of Albany*,
  No. 21-cv-620, 2021 WL 4198411 (N.D.N.Y. Sept. 15, 2021)............................................. 4, 5

*Abdel-Razeq v. Alvarez & Marsal, Inc.*,
  No. 14-cv-5601, 2015 WL 7017431 (S.D.N.Y. Nov. 12, 2015)............................................. 13

*Anonymous v. Medco Health Sols., Inc.*,
  588 F. App'x 34 (2d Cir. 2014) ...................................................................................... 12

*Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*,
  814 F.3d 132 (2d Cir. 2016) ......................................................................................... 19

*Blum v. Schlegel,*
  150 F.R.D. 38 (W.D.N.Y. 1993)......................................................................................... 4

*Butler, Fitzgerald & Potter v. Sequa Corp.*,
  250 F.3d 171 (2d Cir. 2001) ............................................................................................ 6

*Doe #1 v. Syracuse Univ.*,
  No. 18-cv-0496, 2018 WL 7079489 (N.D.N.Y. Sept. 10, 2018) ................................................ 7

*Doe No. 2 v. Kolko,*
  242 F.R.D. 193, 195 (E.D.N.Y. 2006)................................................................................. 8

*Doe v. Colgate*,
  No. 5:15-cv-1069, 2015 WL 5177736 (N.D.N.Y. Sept. 4, 2015) ................................ 10, 14, 17

*Doe v. Combs*,
  No. 24-cv-08810, 2025 WL 268515 (S.D.N.Y. Jan. 22, 2025)............................................. 7, 17

*Doe v. Cornell Univ.*,
  No. 19-cv-1189, 2021 WL 6128738 (N.D.N.Y. 2021)....................................................11, 13, 14

*Doe v. Del Rio*,
  241 F.R.D. 154, 156 (S.D.N.Y. 2006) ................................................................... *passim*

*Doe v. Delta Airlines, Inc.,*
  310 F.R.D. 222, 225 (S.D.N.Y. 2015) ............................................................................. 15

*Doe v. Fedcap Rehabilitation Servs., Inc.*,
   No. 17-cv-8220, 2018 WL 2021588 (S.D.N.Y. Apr. 27, 2018) .................................................. 15

*Doe v. Gerken*,
   No. 21-cv-01525, 2022 WL 167914 (D. Conn. 2022) ............................................................. 13

*Doe v. Hobart & William Smith Colleges,*
   No. 6:20-cv-06338, 2021 WL 1062707 (W.D.N.Y. Mar. 19, 2021) ......................................... 12

*Doe v. Ithaca City Sch. Dist.*,
   No. 3:24-cv-806, 2025 WL 3157792 (N.D.N.Y. Nov. 12, 2025)...................................... 14, 16

*Doe v. Shakur*,
   164 F.R.D. 359 (S.D.N.Y. 1996) ........................................................................................... 9

*Doe v. Skyline Autos. Inc.*,
   375 F.Supp.3d 401 (S.D.N.Y. 2019) ............................................................................... *passim*

*Doe v. Solera Cap., LLC*,
   No. 18-cv-1769, 2019 WL 1437520 (S.D.N.Y. Apr. 1, 2019) ................................................ 16

*Doe v. Trs. of Columbia Univ. in the City of New York*,
   No. 21-cv-1697 2021 WL 1253974 (S.D.N.Y. Apr. 1, 2021) ................................................. 13

*Doe v. Univ. of Vt.*,
   No. 2:21-cv-00137, 2022 WL 17811359 (D. Vt. Dec. 19, 2022)..................................... *passim*

*Floyd v. City of New York*,
   770 F.3d 1051, 1060 (2d Cir. 2014) ................................................................................... 3, 6

*Gonzaga Univ. v. Doe*,
   536 U.S. 273 (2002)............................................................................................................. 5

*Guerrilla Girls, Inc. v. Kaz*,
   224 F.R.D. 571 (S.D.N.Y. 2004) ......................................................................................... 13

*H.L. Hayden Co. v. Siemens Med. Sys., Inc.*,
   797 F.2d 85 (2d Cir. 1986) .................................................................................................. 6

*In re Pfizer Inc. S'holder Derivative Litig.*,
   780 F. Supp. 2d 331 (S.D.N.Y. 2011)................................................................................... 7

*Lawson v. Rubin*,
   No. 17-cv-6404, 2019 WL 5291205 (E.D.N.Y. Oct. 18, 2019) ............................................. 13

v

*Lichtman v. Blom,*
No. 89-cv-5643, 1990 WL 241646 (S.D.N.Y. Dec. 27, 1990)...................................................... 5

*N. Jersey Media Grp., Inc. v. Doe*,
No. 12-cv-6152, 2012 WL 5899331 (S.D.N.Y. Nov. 26, 2012)................................................ 17

*Nixon v. Warner Commc'ns, Inc.*,
435 U.S. 589 (1978).................................................................................................................. 19

*Perelman v. Visa USA, Inc.*,
No. 24-cv-9793, 2025 WL 2962006 (S.D.N.Y. Oct. 20, 2025) ................................................. 13

*Richmond Newspapers, Inc. v. Virginia*,
448 U.S. 555 (1980).................................................................................................................. 15

*Rives v. SUNY Downstate Coll. of Med.*,
No. 20-cv-61, 2020 WL 4481641 (E.D.N.Y. Aug. 4, 2020) ...................................................... 12

*Roe v. Lincoln-Sudbury Regional School District*,
No. 18-cv-10792, 2019 WL 5685272 (D. Mass. Oct. 31, 2019) ................................................. 4

*Sealed Plaintiff v. Sealed Defendant #1*,
537 F.3d 185 (2d Cir. 2008) ............................................................................................. *passim*

*Sebastian v. City of New York*,
No. 24-cv-0911, 2025 WL 856242 (S.D.N.Y. Mar. 19, 2025)................................................. 16

*Sheehan v. Purolator, Inc.*,
103 F.R.D. 641 (E.D.N.Y. 1984) ........................................................................................... 18

*Does 1-2 v. Hochul*,
No. 21-cv-5067, 2022 WL 836990 (E.D.N.Y. Mar. 18, 2022)................................................ 18

*Lugosch v. Pyramid Co. of Onondaga*,
435 F.3d 110 (2d Cir. 2006) ................................................................................................... 20

*U.S. Bank, N.A. v. Squadrin VCD, LLC*,
504 F. App'x 30 (2d. Cir. 2012) ............................................................................................... 6

*U.S. Postal Serv. v. Brennan*,
579 F.2d 188 (2d Cir. 1978)................................................................................................. 3, 5

*United States v. People's Benefit Life Ins. Co.*,
271 F.3d 411 (2d Cir. 2001) ...................................................................................................... 3

*United States v. Pilcher*,
   950 F.3d 39 (2d Cir. 2020) ................................................................................ 7, 10

*United States v. Pitney Bowes, Inc.*,
   25 F.3d 66 (2d Cir. 1994) ....................................................................................... 3

*Vega v. HSBC Sec. (USA) Inc.*,
   No. 16-cv-9424, 2019 WL 2357581 (S.D.N.Y. Jun. 4, 2019)................................... 12

*Westmoreland v. Columbia Broad. Sys., Inc.*,
   752 F.2d 16 (2d Cir. 1984) ..................................................................................... 7

**STATUTES**
*Family Educational Rights and Privacy Act,*
   20 U.S.C. §1232g................................................................................................. 5

Fed. R. Civ. P. 10(a) ............................................................................................... 7

Fed. R. Civ. P. 17(a)(1). ......................................................................................... 7

Fed. R. Civ. P.  24(a)(2) ......................................................................................... 2

Fed. R. Civ. P. 24(b).............................................................................................. 6

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------X
                                            :

HUDSON DOUBLE,                      :

                *Plaintiff*,      :     Case No. 7:25-cv-10512 (PMH)(JCM)

           -against-       :

VASSAR COLLEGE,           :

           *Defendant*.    :
----------------------------------------------------------X

## INTRODUCTION

Sebastian Woods-DeLeon seeks to intervene in this action, proceed anonymously, and seal the proceedings (*see* Memorandum of Law in Support of Motion to Intervene, ECF No. 6 "Mot."). He does so not because he is a party to the dispute, but because the litigation publicly examines conduct he seeks to keep out of view. Woods-DeLeon proves no entitlement to intervene, as of right, or by permission. That failure alone ends the matter.

This case challenges Vassar College's retaliatory misuse of its Title IX process against Plaintiff for engaging in protected speech after Vassar declined to act on allegations involving Woods-DeLeon and a minor. Indeed, Woods-DeLeon was not "dragged" into this litigation (Mot. at 13). He precipitated and personally advocated for the conflicted and retaliatory institutional response Plaintiff now challenges.[1]

Woods-DeLeon, an adult, has repeatedly admitted to placing his hand on the thigh of a sixteen-year-old student while attempting to kiss her. The minor, who upon information and belief

---

[1] All factual allegations here are from the Plaintiff's Complaint, ECF No. 5.

did not consent to such conduct, sought assistance from Vassar, which declined to act on her behalf and discouraged her from involving the police. After Vassar failed to address the minor's allegations, Plaintiff spoke out in support of the victim and in the interest of campus safety. Woods-DeLeon then complained to Vassar about Plaintiff speaking out; not because of any sex-based discrimination he faced or alleged, but rather, because of the reputational harm that he experienced once his alleged conduct came to light. What followed was not a proper Title IX enforcement, but rather Vassar improperly mobilizing its Title IX apparatus against Plaintiff *and* the minor, driven by Woods-DeLeon's reputational concerns and institutional conflicts involving Woods-DeLeon's mother, a longstanding Vassar faculty member with close ties to the Title IX office.

Woods-DeLeon further complains that he is an "innocent" nonparty whose reputation is being "destroy[ed]" for Plaintiff's personal "agenda" (Mot. at 13, 14). This action targets Vassar's conduct, not Woods-DeLeon's. Any reputational harm that Woods-DeLeon alleges flows from his own admitted conduct, actions, and disclosures. Rule 24 of the Federal Rules of Civil Procedure does not permit intervention to convert a retaliation case into a reputational defense for a nonparty.

For the reasons that follow, *see Point I*, *infra*, Woods-DeLeon's motion to intervene fails. He lacks a direct, substantial, and legally protectable interest. He also cannot show the action impairs a cognizable right. And he cannot overcome the presumption that Vassar adequately represents his interests. Because Woods-DeLeon fails at the threshold, this Court need not reach his contingent requests for pseudonymity or sealing.

Even if this Court reaches his request for pseudonymity, Woods-DeLeon's vague and conclusory points under each factor warrant no relief. *See* Points II and III, *infra*. Plaintiff Hudson Double proceeds openly under his name in a case challenging Vassar's conflicted use of its Title IX authority at Woods-DeLeon's behest. Having set these events in motion, Woods-DeLeon now

2

seeks the shelter of anonymity. In these circumstances, the case calls for transparency, not concealment.

In all respects, Woods-DeLeon's motions should be denied.

## ARGUMENT

### I.    WOODS-DELEON PROVES NO RIGHT TO INTERVENE.

Federal Rule of Civil Procedure 24(a)(2) authorizes intervention "as of right" only if a party (1) files a timely motion; (2) asserts an interest relating to the "property or transaction that is the subject of the action;" (3) is "so situated" that the disposition of the action may "as a practical matter" impair its ability to protect its interests; and (4) "has an interest not adequately represented by the other parties." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994). If the movant "fail[s] to satisfy *any one* of these requirements," the motion must be denied. *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978) (emphasis added).

Woods-DeLeon cannot satisfy all four elements.

### A.  Woods-DeLeon Lacks a "Direct, Substantial, and Legally Protectable" Interest.

To intervene, a movant's interest must be "direct, substantial, *and* legally protectable," not "remote" or "speculative." *United States v. People's Benefit Life Ins. Co.*, 271 F.3d 411, 415 (2d Cir. 2001). An interest "remote from the subject matter of the proceeding or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *Floyd v. City of New York*, 770 F.3d 1051, 1060 (2d Cir. 2014).

Woods-DeLeon labels his interest as in "the confidentiality" of his "identity" (Mot. at 2). Stripped to its core, that interest is purely reputational. In fact, he invokes "reputation[al]" interests repeatedly in support of anonymization (*see* Mot at pp. 16, 17, 20).

3

But the Second Circuit has found that reputational harm is not a legally protectable interest for intervention as of right. For example, in *Floyd*, police unions sought to intervene to block a consent decree, arguing that the decree branded officers as "lawbreakers" and would harm their "careers and lives." 770 F.3d at 1059-60. The Second Circuit found those reputational interests "too indirect and insubstantial to be 'legally protectable.'" *Id.* at 1060. And because the litigation "target[ed] the City, not the unions," any reputational effect was "too remote from the subject matter of the proceeding." *Id.*

In Title IX cases, courts have similarly rejected reputational concerns as cognizable interests justifying intervention by alleged perpetrators (or their family members). For example, in *A.S. v. City School District of Albany*, No. 21-cv-620, 2021 WL 4198411, at *4-5 (N.D.N.Y. Sept. 15, 2021), the United States District Court for the Northern District of New York denied intervention by the mother of an alleged offender, holding that interests in "defend[ing] her reputation and that of her son" were not "direct, substantial, and legally protectable." The court reasoned that the plaintiff-victim's action challenged the school district's *response* to the alleged misconduct and not the intervenor's conduct itself. Any reputational effects on the intervenor were incidental. *Id.*

Likewise, in *Roe v. Lincoln-Sudbury Regional School District*, No. 18-cv-10792, 2019 WL 5685272, at *3 & n.1 (D. Mass. Oct. 31, 2019), the court denied a motion to intervene in a victim's Title IX suit to protect the movant's "reputation." Although the intervenor's alleged "perpetration of the assault [was] certainly a factual issue underlying the claim," the court held that "the focus of the legal claims [was] on the school's response, not the assault itself." Id. Therefore, the movant lacked "an interest relating to the subject of the action." *Id.*

4

Here, as in *Floyd*, *A.S.*, and *Roe*, Woods-DeLeon's "confidentiality," or reputational interests are not "direct, substantial, *and* legally protectable" under Rule 24(a). This action challenges Vassar's retaliation against Plaintiff for protected speech in support of the minor victim. The claims target Vassar's response and arise from Plaintiff's Title IX rights, not Woods-DeLeon's. Any reputational or privacy effects on Woods-DeLeon are incidental and remote.

Further, Woods-DeLeon asserts that courts "routinely recognize an interest in confidentiality" (*see* Mot at 2). Neither case he cites supports him. *Blum v. Schlegel,* 150 F.R.D. 38, 39 (W.D.N.Y. 1993), permitted intervention only to protect the confidentiality of certain discovery, *not* to shield the intervenor's identity.  And *Lichtman v. Blom,* No. 89 Civ. 5643, 1990 WL 241646, at *2 (S.D.N.Y. Dec. 27, 1990), rested on an express *statutory* right to confidentiality. *See id.* (finding specific right to confidentiality in whistleblower-intervenors' identities under New York Public Health Law § 2803-d(6)(e); revealing their identities would "completely frustrate the purposes of the statute.").  Woods-DeLeon identifies no comparable "confidentiality" statute here.

Finally, Woods-DeLeon invokes FERPA (*see* Mot. 2 n.2). But the statute does him no favors. FERPA is enforcement legislation that conditions federal funding on a school's handling of educational records. *See* 20 U.S.C. §1232g. FERPA does not grant privately enforceable rights. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 287-90 (2002) ("[T]here is no question that FERPA's nondisclosure provisions fail to confer enforceable rights."). Nor are the records his and his alone. Plaintiff is also a Vassar student. And the records quoted verbatim in the Complaint are Plaintiff's own educational and disciplinary records generated in the retaliatory Title IX proceeding against him. FERPA thus confers no special or exclusive interest in these records on Woods-DeLeon.

**B.  Woods-DeLeon Fails to Show a Cognizable Interest, Much Less an Impaired One.**

Woods-DeLeon's motion fails because he proves no valid interest. This Court may deny the motion on that mark alone. *See Brennan*, 579 F.2d at 191 (motion should be denied for failure to satisfy "*any one*" of the requirements). Even reached, however, Woods-DeLeon must also show that this lawsuit may "impair or impede" his ability to protect his interest. Speculative or generalized concerns do not suffice. In *A.S.*, 2021 WL 4198411, at *6, the court rejected the movant's argument that denying intervention would impair the movant's interests, noting that he "remain[ed] free to pursue his own claims." The same is true here. This action adjudicates Vassar's retaliatory conduct against Plaintiff, not Woods-DeLeon's liability. Thus, Woods-DeLeon cannot prove that denying his intervention here would impair any of his rights, even assuming he had a recognizable one.

**C.  Vassar Adequately Represents Woods-DeLeon's Interests.**

Having failed to surmount the foregoing hurdles, Woods-DeLeon faces yet another. He must show that existing parties "may not adequately represent" his interest. *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001). Especially where, as here, he "has the same ultimate objective as the party to the existing suit," a movant "must at least overcome the presumption of adequate representation" by that party. *Brennan*, 579 F.2d at 191.  Woods-DeLeon fails here as well.

Woods-DeLeon asserts that "no party" represents "his interest in privacy and security" (Mot. at 9). He is wrong. For one, his "conclusory allegations" "without more, cannot overcome the presumption," *U.S. Bank, N.A. v. Squadrin VCD, LLC*, 504 F. App'x 30, 33-34 (2d. Cir. 2012), as here, of adequate representation. For another, he shares "the same ultimate objective" as Vassar. *Butler, Fitzgerald & Potter*, 250 F.3d at 179.  His suggestion otherwise strains credulity. As alleged

6

and exhibited in the Complaint, Vassar retaliatorily invoked its Title IX apparatus at the behest of Woods-DeLeon and his mother, Vassar Professor Eva Woods-Peiro, in order to protect Woods-DeLeon's reputation—the very interest he now claims is unrepresented. Indeed, Vassar opened two retaliatory Title IX actions, one against Plaintiff, and the other against the minor victim. Woods-DeLeon therefore does not require intervention to protect interests that Vassar has consistently advanced and sought to protect from the start.

### D. This Court Should Deny Permissive Intervention.

Finally, in a point relegated to a footnote, Woods-DeLeon requests permissive intervention (*see* Mot at 1 n.2). He offers no argument, let alone a reasoned one, why this Court should favorably exercise its discretion on his behalf under Rule 24(b) (*see id.*). Thus, for the same reasons, this Court should decline his request. *See Floyd*, 770 F.3d at 1061-62 (affirming denial of intervention "motions as of right *and* by permission" for same reasons) (emphasis in original); *H.L. Hayden Co. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986) (same).

Because Woods-DeLeon's request to intervene fails, this Court "need not reach the merits of his accompanying motion[s]," *In re Pfizer Inc. S'holder Derivative Litig.*, 780 F. Supp. 2d 331, 334 (S.D.N.Y. 2011), namely for pseudonymity and sealing.

### II. EVEN IF HE LAWFULLY INTERVENES, WOODS-DELEON FAILS TO MEET THE STANDARD FOR PSEUDONYMITY.

Woods-DeLeon's requests to pseudonymize his name or seal the record lack merit. Federal Rule of Civil Procedure 10(a) requires that "all . . . parties" be named. *See also* Fed. R. Civ. P. 17(a)(1). Because it facilitates "public scrutiny of judicial proceedings," that mandate "cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 188-89 (2d Cir. 2008). Indeed, the public has a "fundamental right" of access to the courts. *Doe #1 v. Syracuse Univ.*, No. 18-cv-0496, 2018 WL 7079489, at *3 (N.D.N.Y. Sept. 10, 2018), *adopted*, 2020 WL 2028285

7

(N.D.N.Y. Apr. 28, 2020). Using fictitious names or pseudonyms "runs afoul of the public's common law right of access to judicial proceedings," a right further "supported by the First Amendment." *Doe v. Del Rio*, 241 F.R.D. 154, 156 (S.D.N.Y. 2006) (citations omitted); *Westmoreland v. Columbia Broad. Sys., Inc.*, 752 F.2d 16, 23 (2d Cir. 1984) ("[T]he First Amendment does secure to the public and to the press a right of access to civil proceedings.").

Consequently, pseudonymity is "the *exception*," not "the rule." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (emphasis added). A party seeking anonymity must overcome the "presumption of disclosure," *id.*, by showing "extraordinary circumstances" sufficient to outweigh "the public interest in open judicial proceedings." *Doe v. Combs*, No. 24-cv-08810, 2025 WL 268515, at *3 (S.D.N.Y. Jan. 22, 2025) (internal quotation marks and citations omitted).

Whether a case is exceptional is assessed under the ten non-exhaustive factors in *Sealed Plaintiff*, 537 F.3d at 190. Those are whether: (1) the case involves "highly sensitive" and "personal" matters; (2) identification risks retaliation, especially to "innocent" non-parties; (3) identification raises other "severe" harms or inflicts the injury the suit seeks to remedy; (4) the party's age renders him vulnerable; (5) the suit challenges governmental or private conduct; (6) the opposing party would be prejudiced; (7) the party's identity has previously remained confidential; (8) identification advances the public interest; (9) the issues are "purely legal" and thus public interest in disclosure is weak; (10) there are alternative means to protect confidentiality. *Id.* (citations omitted).

Here, these factors overwhelmingly weigh in favor of openness. Woods-DeLeon fails to prove otherwise.

### A. Factor One: This Action Challenges Institutional Retaliation, Which Is Not Highly Sensitive or Personal.

This case concerns Vassar's retaliatory use of Title IX to punish Plaintiff's speech in support of a minor victim and campus safety. That conduct is neither "highly sensitive" nor "personal." *Sealed Plaintiff,* 537 F.3d at 190.

True, Plaintiff's claim touches upon Woods-DeLeon's alleged and admitted conduct, which, as Woods-DeLeon himself characterizes, are "extremely intimate, graphic, sexual acts" (Mot. at 6). But Woods-DeLeon is not a victim. Courts have consistently recognized that the public "has a strong interest in protecting" the "identities of *sexual assault victims*." *Doe No. 2 v. Kolko,* 242 F.R.D. 193, 195 (E.D.N.Y. 2006) (emphasis added); *Doe v. Blue Cross & Blue Shield United of Wisc.,* 112 F.3d 869, 872 (7th Cir.1997) ("fictitious names are allowed when necessary to protect the privacy of ... *rape victims*) (emphasis added). That is so other victims are not deterred from reporting. *Doe No. 2 v. Kolko,* 242 F.R.D. at 195. That concern has been fully respected here. The Complaint anonymizes the minor victim and another alleged victim. By contrast, Woods-DeLeon invokes the rhetoric of sensitivity to shield himself from public scrutiny, an interest the case law does not protect.

Woods-DeLeon's claims are weaker still, considering that even where *victims* have sought anonymity, courts have repeatedly held that "allegations of sexual assault, by themselves, are not sufficient to entitle a [party] to proceed under a pseudonym." *Doe v. Skyline Autos. Inc.*, 375 F.Supp.3d 401, 405 (S.D.N.Y. 2019). That was true 30 years ago, *see Doe v. Shakur*, 164 F.R.D. 359, 360 (S.D.N.Y. 1996) (collecting cases rejecting pseudonymity in sex cases), and it remains true today, *see Doe v. Skyline Autos. Inc.*, 375 F.Supp.3d at 405 n.2 ("[C]ourts continue to cite *Shakur* for the proposition" that sexual assault allegations are not in themselves sufficient to justify pseudonymity, and rejecting anonymity in a case where Plaintiff was "sexually assaulted while

9

unconscious" and subject to "sexual harassment" afterwards); *Doe v. Del Rio*, 241 F.R.D. at 159-60 ("[A]nonymous pleading has frequently been rejected in cases alleging sexual assault;" rejecting pseudonymity for a victim even where an officer "'fondl[ed] [victim's] breasts, arms, neck and back, kissing her, and rubbing his body against her,' despite her physical resistance."). If anonymity is not warranted for these victims, it is plainly not warranted here.

Woods-DeLeon cites a string of cross-Circuit cases in which alleged perpetrators proceeded anonymously (*see* Mot. at 7-9). But nearly all are silent as to why pseudonymity was warranted. They do not address the presumption of openness, much less explain why this factor shields an alleged offender, rather than a victim.[2] His remaining cases are either inapposite because the parties consented,[3] or rely on out-of-Circuit standards treating sexual assault as inherently "sensitive," a view inconsistent with the Second Circuit's multifactorial, *Sealed-Plaintiff* analysis.[4]

Thus, Woods-DeLeon asserts that "factor one weighs heavily" in his favor (Mot. at 9). But like the litany of cases he cites, he offers no justification beyond the fact that the case references sexual assault. Were that enough, anonymity would follow as a matter of course in every Title IX

---

[2] Woods-DeLeon cites the following cases which do not analyze, let alone justify, pseudonymity, which is simply accepted. *See Doe v. Baum*, 903 F.3d 575 (6th Cir. 2018); *Doe v. Columbia Univ.*, 831 F.3d 46 (2d Cir. 2016); *Doe v. Univ. of the Sciences*, No. 18-cv-493, 2019 WL 632022 (E.D. Pa. Feb. 14, 2019)*; Doe v. Trs. of Bos. Coll.*, 892 F.3d 67 (1st Cir. 2018); *Doe v. Penn State Univ.*, 336 F. Supp. 3d 441 (M.D. Pa. 2018); *Doe v. George Washington Univ.*, 321 F. Supp. 3d 118 (D.D.C. 2018); *Doe v. Trs. of the Univ. of Pa.,* 270 F. Supp. 3d 799 (E.D. Pa. 2017); *Doe v. Brown Univ.*, 166 F. Supp. 3d 177 (D.R.I. 2016); *Doe v. Brandeis Univ*., 177 F. Supp. 3d 561 (D. Mass. 2016); *Doe v. Univ. of S. Fla. Bd. of Trs.*, No. 8:14-cv-2359, 2015 WL 3453753 (M.D. Fla. May 29, 2015); *Doe v. Salisbury Univ.*, 107 F. Supp. 3d 481 (D. Md. 2015); *Doe v. Washington & Lee Univ.*, No. 6:14-cv-00052, 2015 WL 4647996 (W.D. Va. Aug. 5, 2015); *Doe v. Univ. of the South*, 687 F. Supp. 2d 744 (E.D. Tenn. 2009); *see also Doe v. Middlebury Col.*, No. 1:15-cv-00192, 2015 WL 5488109, at *1 n.1 (D. Vt. 2015) (noting that party's pseudonymity motion was "not fully briefed").

[3] *See Doe v Amherst Coll.*, 238 F.Supp.3d 195 (D. Mass. 2017) (anonymity by "agreement of the parties"); *Doe v. Univ. of Mont.*, No. 12-77-M-DWM, 2012 WL 2416481, at *4 (D. Mont. June 26, 2012) (anonymity of both parties, per "joint request" and to their "mutual[] benefit").

[4] *See Doe v. Univ. of S.C.*, No. 3:17-cv-02065, 2018 WL 1215045, at *2 (D.S.C. Feb. 12, 2018) (applying the Fourth Circuit's comparatively lenient five-factor test, and finding "compelling interests" where case *"*involves allegations of sexual assault," without more); *Doe v. Alger*, 317 FRD 37, 40 (W.D. Va. 2016) (same)

10

case.  But as noted, *Sealed-Plaintiff*'s rigorous, case specific test, rejects that kind of categorical exemption. *See* 537 F.3d at 190.

### B. Factor Two: Woods-DeLeon Fails to Show That Identification Risks "Retaliation" Or Harm to "Innocent" Parties, of Which He Is Not.

Woods-DeLeon fares no better under factor two. He relies on vague concerns about the "nature of the subject matter at hand" and the "social and political climate surrounding accusations of sexual misconduct" (Mot. at 9-10). But he identifies no threat, past incident, or evidence of any retaliation, harm or injury (*see* Mot at 9-10).[5]

Courts in this Circuit refuse to credit this factor where a party's showing "consist[s] exclusively of conclusory statements and speculation." *Doe v. Skyline Autos. Inc.,* 375 F.Supp.3d at 406 (party "submits no evidence of . . . likelihood of retaliation); *Pilcher*, 950 F.3d at 41 (affirming rejection of vague "retaliation" claims as "'unsubstantiated speculation'"); *see also Doe v. Colgate*, No. 5:15-cv-1069,  2015 WL 5177736, at *2 (N.D.N.Y. Sept. 4 2015) (rejecting "rare privilege" of pseudonymity; movant identifies no "real or specific risk of harm, including any risk of retaliation").

Further, a party's claimed "risk of retaliatory harm" diminishes where, as here, "the public is already aware of" his identity. *Doe v. Cornell Univ.*, No. 3:19-cv-1189, 2021 WL 6128738, at *5 (N.D.N.Y. Jan. 28, 2021), *aff'd* 2021 WL 6128807 (N.D.N.Y. Sept. 22, 2021)  (citations omitted); *Doe v. Skyline Autos. Inc.*, 375 F.Supp.3d at 406 ("prior knowledge" of movant's identity

---

[5] Woods-DeLeon makes an assertion under factor two that requires clarification (*see* Mot. at 9).  He states that anonymity is necessary to avoid "the exact type" of harm he seeks to "remedy through ***his defense*** of the university conduct process" (Mot. at 9) (emphasis added). Woods-DeLeon conflates distinct proceedings. Vassar initiated two Title IX matters at Woods-DeLeon's behest in which Woods-DeLeon ***is the complainant***, pursuing charges against Plaintiff and the minor victim for protected speech concerning his conduct. *See* Compl. at ¶ 79. Only later did Vassar open as a procedural matter a third Title IX matter in which Woods-DeLeon is a respondent, defending against allegations arising from his conduct toward the minor. *See* Compl. at ¶ 35. Factor two requires a showing of concrete harm arising from disclosure in ***this*** litigation. Harms asserted in connection with separate proceedings, especially in which Woods-DeLeon occupies a different posture, do not satisfy his burden here.

11

"weighs against motion to proceed anonymously"); *A.B. v. C.D.*, No. 2:17-cv-5840, 2018 WL 1935999, at *3 (E.D.N.Y. Apr. 24, 2018) (finding no risk of retaliation under factor two; party "has already been identified by his true name"); *Doe v. Del Rio*, 241 F.R.D. at 158 n.7 ("prior disclosure" of the movant's identity "might moot any request for anonymity").

These principles apply with full force here. Vassar initiated the Title IX proceeding at Woods-DeLeon's and his mother's behest after he complained about "rumors" circulating about him. Yet Woods-DeLeon identifies no evidence that retaliation followed.

The evidence record from the Title IX investigation against Plaintiff shows the opposite. Woods-DeLeon's own witnesses attested that they either had not heard of the situation regarding Woods-DeLeon and the minor student, et al, or did not know it involved him until he affirmatively told them. *See, e.g.,* "Witness 2" Tr. at 2 ("[Woods-DeLeon] approached me to ask me, essentially if I'd heard any rumors about him;" "I hadn't realized at that point that those rumors that I had been hearing had been about him until he told me."); "Witness 4" Tr. at 3 (attesting that Woods-DeLeon said "he had something pretty important to tell me about. And then he disclosed to me that he is in this complaint situation," so "I was in the loop about it."); "Witness 6" Tr. 2 ("I heard it directly from [Woods-DeLeon] after he mentioned that he had something he wanted to talk about.").[6] These were Woods-DeLeon's own personal disclosures.

The record reveals no retaliation against Woods-DeLeon despite disclosures he himself made. Months later, in his instant motion, he still identifies no concrete examples. This factor decisively cuts against anonymity.

---

[6] The complete records are available and will be promptly furnished to the Court upon request.

## C. Factor Three: Woods-DeLeon Demonstrates No Other Harms or Injuries.

Factor three adds nothing more. Woods-Deleon declares that "significant, irreparable harm" "has already occurred" and "will only be increased, concrete, severe, and lasting" (Mot. at 10, 11). Yet he cannot say what that harm is. Courts in this Circuit require more than speculation. *See Doe v. Hobart & William Smith Colleges,* No. 6:20-cv-06338, 2021 WL 1062707, at *3 (W.D.N.Y. Mar. 19, 2021) ("The risks must be more than speculative claims of physical or mental harms."); *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d at 406 (rejecting claims that "consist exclusively of conclusory statements and speculation" and merely "project[] generalized harm" without "evidence").

Next, Woods-DeLeon's asserted "career" harm (Mot. at 11) is likewise speculative and routinely rejected. *See Rives v. SUNY Downstate Coll. of Med.,* No. 20-cv-61, 2020 WL 4481641, at *3 (E.D.N.Y. Aug. 4, 2020) (movant's claim that he would "'suffer ... harm to [his] career,'" from his identity's disclosure is "speculative"); *Anonymous v. Medco Health Sols., Inc.*, 588 F. App'x 34, 35 (2d Cir. 2014) (concerns about adverse professional impact "speculative in nature" and "vague and far-fetched"); *Vega v. HSBC Sec. (USA) Inc.*, No. 16-cv-9424, 2019 WL 2357581, at *1-2 (S.D.N.Y. Jun. 4, 2019) (rejecting concern that prospective employers might turn him down because he filed a complaint against a former employer); *Doe v. Univ. of Vt.*, No. 2:21-cv-00137, 2022 WL 17811359, at *4 (D. Vt. Dec. 19, 2022) ("Harm to potential job prospects" or "speculat[ion] that a future employer or educational institution will find him unsuitable" is "insufficient."); *Doe v. Trs. of Columbia Univ. in the City of New York*, No. 21-cv-1697, 2021 WL 1253974, at *3 (S.D.N.Y. Apr. 1, 2021) ("courts routinely reject" allegations of "damage [to] employment prospects," as "insufficient"); *Guerrilla Girls, Inc. v. Kaz*, 224 F.R.D. 571, 573 (S.D.N.Y. 2004) ("courts should not permit parties to proceed pseudonymously just to protect the

13

parties' professional or economic life") (citation omitted); *Doe v. Gerken*, No. 21-cv-01525, 2022 WL 167914, at *3 (D. Conn. 2022) ("courts should not permit parties to proceed pseudonymously just to protect the parties' professional or economic life.").

What's left is embarrassment. But that too is insufficient. *See Lawson v. Rubin*, No. 17-cv-6404, 2019 WL 5291205, at *2 (E.D.N.Y. Oct. 18, 2019) (argument that without anonymity, movants "will become subject to future criticism, social stigma, and ridicule" is "unpersuasive" and "mere speculation"); *Doe v. Cornell Univ.*, 2021 WL 6128738 at *5 ("evidence of embarrassment, social stigmatization, and economic harm provides an insufficient basis for proceeding anonymously"); *Doe v. Trs. of Columbia Univ. in City of New York*, 2021 WL 1253974, at *3 (rejecting claims that "publicly litigating this matter is embarrassing, uncomfortable"); *Doe v. Univ. of Vt.*, 2022 WL 17811359, at *4 ("mere embarrassment is insufficient.").

Finally, courts give even less weight to fears of reputational harm, the true gravamen of Woods-DeLeon's motion (*see* Mot. at p. 11) (Woods-DeLeon elaborating vague harms about what will occur "if his name continues to be revealed"). *See Perelman v. Visa USA, Inc.*, No. 24-cv-9793, 2025 WL 2962006 at *1 (S.D.N.Y. Oct. 20, 2025) ("Indeed, courts have recognized that the mere potential for reputational harm does not justify granting a plaintiff anonymity."); *Doe v. Univ. of Vt.*, 2022 WL 17811359, at *4 (movant's "'other harms' including . . . to his reputation" is "insufficient"); *Abdel-Razeq v. Alvarez & Marsal, Inc.,* No. 14-cv-5601, 2015 WL 7017431, at *4 (S.D.N.Y. Nov. 12, 2015) ("[C]ourts have consistently rejected anonymity requests predicated on harm to a party's reputational or economic interests.").

Reputational fears like Woods-DeLeon's are especially moot where, as noted above, because of his own disclosures to others, "People already know." *Doe v. Ithaca City Sch. Dist.*, No. 3:24-cv-806, 2025 WL 3157792, at *3 (N.D.N.Y. Nov. 12, 2025) (rejecting "permanent

14

reputational damage" as grounds "under factor three" where "there have already been questions and discussions in [movant's] community concerning the events which form the basis for this lawsuit").

At bottom, Woods-DeLeon's assertions are bare and, thus, telling. Even so, he insists Plaintiff's claims are "false" and contends that disclosure of his identity would negate any "ultimate success" in the process (*see* Mot at 10). But as courts have recognized, a movant who "believes his case to be meritorious" can rely on vindication through the process, because "[i]n the event [he] prevails, his reputation will be cleared." *Doe v. Colgate Univ.*, 2015 WL 5177736, at *2; *Doe v. Univ. of Vt.*, 2022 WL 17811359, at *4 (holding same). Where, as here, Woods-DeLeon fails to specify any concrete harms, despite declaring they exist, the interest in public scrutiny weighs against anonymity. *Doe v. Colgate Univ.*, 2015 WL 5177736, at *2; *Doe v. Univ. of Vt.*, 2022 WL 17811359, at *4.

### D. Factor Four: Woods-DeLeon Is Not a Vulnerable Party (Undisputed).

This factor weighs against Woods-DeLeon, as he raises no dispute. Courts apply this factor principally to vulnerability based on age. But Woods-DeLeon is an adult, and was at the time of his admitted conduct concerning the minor victim. *See id.* ("The fourth factor is not at issue since Plaintiff is not of a vulnerable age."); *Doe v. Del Rio*, 241 F.R.D. at 158 ("[C]ourts have been readier to protect the privacy of infants" than "adults"); *Doe v. Cornell Univ.*, 2021 WL 6128738, at *5 ("Plaintiff is not a minor . . . Even though Plaintiff is still in his formative years, he is an adult college student" thus factor four weighs against him).

### E. Factor Five: This Action Involves Private Parties, Not Governments (Undisputed).

Woods-DeLeon does not dispute that factor five weighs against anonymity. Even where a party has named a public institution, anonymity is disfavored where the complaint focuses on the

"specific actions of certain individuals," rather than "abstract challenges to public policies" or statute. *Doe v. Univ. of Vt.*, 2022 WL 17811359, at *3; *Doe v. Cornell Univ.*, 2021 WL 6128738, at *5 (because the suit "challenges the actions of private parties," this factor "weighs in favor of public identification").

### F. Factor Six: Anonymity Prejudices Plaintiff (Undisputed).

Factor six weighs against anonymity. Woods-DeLeon does not dispute this. Courts recognize prejudice where a party is "required to defend [itself] publicly [before a jury while [movant] could make [his] accusations from behind a cloak of anonymity." *Doe v. Delta Airlines, Inc.,* 310 F.R.D. 222, 225 (S.D.N.Y. 2015) (internal quotation marks omitted). That concern is heightened here. Plaintiff proceeds under his own name, while Woods-DeLeon seeks anonymity.

Anonymity also creates concrete prejudice through discovery and trial. Discovery may be "seriously impeded" where a movant proceeds anonymously, particularly when the opposing party requires discovery from third-party witnesses. *Doe v. Univ. of Vt*, 2022 WL 17811359, at *3. Concealing a party's identity may further "deprive a litigant and the court of the chance that a yet unknown witness would, upon learning that fact about the case, know to step forward with valuable information about the events or the credibility of witnesses." *Doe v. Del Rio*, 241 F.R.D. at 159 (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 596-97 (1980) (Brennan, J., concurring)).

Courts likewise recognize that anonymity can frustrate settlement, deter witnesses, impede effective cross-examination, and improperly influence the jury. *See Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d at 408 (citing *Doe v. Fedcap Rehabilitation Servs., Inc.*, No. 17-cv-8220, 2018 WL 2021588, at *3 (S.D.N.Y. Apr. 27, 2018)). Because this type of imbalance is tolerated only in "unique circumstances," *id.*, and none are present here, this factor favors openness.

16

**G. Factor Seven: Woods-DeLeon Has Not Kept His Identity Confidential.**

Under this factor, courts consider "whether the [movant's] identity has thus far been kept confidential." *Sealed-Plaintiff*, 537 F.3d at 190. When a party's identity has already been disclosed, "the shield of privacy provided by proceeding anonymously" is effectively nullified. *Doe v. Shakur*, 164 F.R.D. at 362. Thus, courts in this Circuit have consistently found that prior public disclosure weighs against anonymity. *See Doe v. Solera Cap., LLC*, No. 18-cv-1769, 2019 WL 1437520, at *7 (S.D.N.Y. Apr. 1, 2019), *vacated on other grounds,* 2020 WL 11027792 (Dec. 12, 2020) ("Prior disclosure . . . effectively nullifies the shield of privacy") (citations omitted); *Sebastian v. City of New York*, No. 24-cv-0911, 2025 WL 856242, at *2 (S.D.N.Y. Mar. 19, 2025) ("[Movant's] 'real identity' is already public."); *Doe v. Ithaca City Sch. Dist.*, 2025 WL 3157792, at *3 ("People already know").

Here, Woods-DeLeon asserts that he "has done everything in his power" to keep this matter confidential (Mot. at 7). The record shows otherwise (*see* Point II(B), *supra*). Again, by his own witnesses' testimony, Woods-DeLeon affirmatively disclosed to them, often identifying himself as the subject of sexual assault related statements before they ever made that association. Thus, his identity was known before this litigation began.

Accordingly, Woods-DeLeon's claim that he has "done everything in his power" to maintain anonymity is no more persuasive than his assertion that he is an "innocent party" being "purposefully dragged into this litigation" for Plaintiff's "personal motives" to "destroy" his reputation (Mot. at 14). The record reflects otherwise. Because Woods-DeLeon has not credibly maintained the confidentiality of his identity, factor seven weighs decisively against anonymity.[7]

---

[7] Even in this motion, filed on the public docket, Woods-DeLeon has not proceeded under a pseudonym, unlike some litigants who preliminarily do so when seeking anonymity. *See, e.g., Doe v. Colgate Univ.*, 2015 WL 5177736, at *2; *Doe v. Univ. of Vt.*, 2022 WL 17811359, at *4. This public filing further undermines Woods-DeLeon's claim that he has done "everything in his power" to avoid identification.

17

### H. Factor Eight: Anonymity Undercuts the Public Interest.

This factor considers "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity." *Sealed Plaintiff*, 537 F.3d at 187. It reflects the "general presumption that parties' identities are public information and the risk of unfairness to the opposing party" which the movant bears the burden of overcoming. *Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068 (9th Cir. 2000).

Further, courts have rejected the notion that anonymity is warranted simply because issues can be resolved without disclosure. That view is "too narrow," because "the public also has a legitimate interest in knowing the underlying facts of a litigation." *Doe v. Combs*, 2025 WL 268515, at *13. Where, as here, a case turns on concrete factual allegations rather than abstract legal challenges, open proceedings "benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication." *N. Jersey Media Grp., Inc. v. Doe*, No. 12-cv-6152, 2012 WL 5899331, at *8 (S.D.N.Y. Nov. 26, 2012).

That interest is especially strong in cases involving allegations of sexual misconduct or discrimination, where "the public interest . . . is very high." *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d at 408. The subject matter's sensitivity alone does not override the public's interest in transparency, especially where the claims concern discrete incidents and concrete factual allegations rather than abstract challenges to policy. *N. Jersey Media Grp., Inc.,* 2012 WL 5899331, at *8.

This case presents fact-intensive features absent from ordinary Title IX cases. As again alleged in the Complaint, at the behest of and to protect a faculty member's son, Vassar improperly used its Title IX machinery to pursue retaliatory proceedings against Plaintiff and the minor victim for speaking out about Woods-DeLeon's conduct, while delaying or disregarding the minor

18

victim's own Title IX complaints. Considering these facts, anonymity would do more than protect privacy. It would shield conflicts of interest from scrutiny and frustrate public accountability for how Vassar institutionally abused its Title IX authority in this case. Thus, transparency here promotes a substantial public interest in the integrity of Title IX enforcement and the fair use of institutional power.[8]

### I.   Factor Nine: This Case Involves Fact-Intensive Claims.

Woods-DeLeon asserts, in conclusory fashion, that this case presents "purely legal" claims (Mot. at 12). But factor nine favors anonymity only where a case raises abstract legal questions, such as a facial challenge to a statute or regulation. *See Does 1-2 v. Hochul*, No. 21-cv-5067, 2022 WL 836990, at *10 (E.D.N.Y. Mar. 18, 2022). In such a case, the parties' identities add little to the public's understanding. *Id.* But when litigation involves particular actions and incidents, the proceedings should be open. *See Doe v. Del Rio*, 241 F.R.D. at 158.

Accordingly, courts routinely hold that factor nine weighs against anonymity where a case is fact-intensive. *See A.B. v. Hofstra Univ.*, No. 17-cv-5562, 2018 WL 1935986, at *3 (E.D.N.Y. Apr. 24, 2018) (factor nine weighed against anonymity because the case "is not of a purely legal nature"); *see also Doe v. Univ. of Vt.*, 2022 WL 17811359, at *4 (same).

This claim is fact-intensive. *See Sheehan v. Purolator, Inc.*, 103 F.R.D. 641, 654 (E.D.N.Y. 1984) ("claims of retaliatory treatment" "require proof of highly individualized facts"). It turns on specific, factual allegations about discrete conduct, not abstract legal principles. Therefore, there is no "atypically weak" public interest in knowing the litigants' identities. To the contrary, disclosure "serve[s] the judicial interest in accurate fact-finding and fair adjudication." *Doe v. Del Rio*, 241 F.R.D. at 159.

---

[8] Thus, for these reasons—and contrary to Woods-DeLeon's request (*see* Mot. 3 at n.5)—Professor Eva Woods-Peiro, who has filed no motion to intervene and was part of Vassar's response, should not be anonymized.

**J. Factor Ten: Woods-DeLeon Fails to Show That Less Drastic Alternatives Are Unavailable.**

Even assuming Woods-DeLeon could identify some legitimate privacy interest, factor ten weighs against anonymity because he fails to show that less drastic alternatives are unavailable. *Sealed Plaintiff*, 537 F.3d at 190. Instead, he seeks the most sweeping available remedy of anonymity itself. Because he fails to show narrower, available mechanisms, this final factor weighs against him.

In sum, because the balance of factors overwhelmingly opposes anonymity, Woods-DeLeon has not shown he is entitled to this exceptional remedy. Instead, what is exceptional about this case is Vassar's conflict-ridden retaliatory process about which the public has a right to know.

**III. WOODS-DELEON CANNOT MEET THE HEAVY SHOWING REQUIRED FOR SEALING.**

Woods-DeLeon recites the general sealing standards. But he does not satisfy them. As elaborated above, under the First Amendment and the common law, there is a strong presumption of public access to judicial records. Sealing is permitted only where it is "essential to preserve higher values" and is "narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Woods-DeLeon fails to satisfy that standard.

His sole justification for sealing is reputational harm (Mot at 9, 11, 15). But as the Second Circuit has made clear, generalized fear of embarrassment, humiliation, or potential reputational injury, even in cases involving sexual misconduct, does not overcome the presumption of public access (*see* Point II(B)-(c), *supra*). *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

More, as noted above, this case is not "purely private" and raises a matter of substantial

20

public concern (*see* Point II(H), *supra*). Thus, openness benefits the public and the parties and serves the "judicial interest in accurate fact-finding and fair adjudication." *Doe v. Del Rio,* 241 F.R.D. at 159.

Finally, Woods-DeLeon's claim that the Complaint was filed to "derail[]" his life and career (Mot. at 16), is, aside from false, unsupported and irrelevant. Woods-DeLeon has failed to cite any authority establishing that courts can seal pleadings based on accusations about motive—and certainly not on a movant's self-serving attributions. Because Woods-DeLeon has failed to show that sealing is essential, narrowly tailored, and justified by any interest that overcomes the presumption of openness, his request to seal the pleadings must be denied.

## CONCLUSION

For the reasons stated above, Woods-DeLeon's motions to intervene for pseudonymity and for sealing should be denied in their entirety.

Respectfully submitted,

*Phillip C. Hamilton*

Dated: New York, New York
          January 13, 2025

Phillip C. Hamilton
HAMILTON CLARKE, LLP
48 Wall Street, Suite 1100
New York, New York 10005
(T) 212-729-0952
Hamilton@HCLLPLaw.com

*Attorney for Plaintiff Hudson Double*

21