UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUDSON DOUBLE,<br><br>    *Plaintiff,*<br><br>  -against-<br><br>VASSAR COLLEGE,<br><br>    *Defendant.* | Case No.: 7:25-cv-10512-PMH |

REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE

NESENOFF & MILTENBERG, LLP
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500

*Attorneys for Sebastian Woods-DeLeon*

## PRELIMINARY STATEMENT

Sebastian Woods-DeLeon respectfully submits this reply memorandum in support of his motion for intervention. Plaintiff's opposition confirms precisely why intervention is necessary. Although Plaintiff insists that this case concerns only institutional retaliation, the opposition devotes pages to asserting that Sebastian Woods-DeLeon committed sexual misconduct, acted improperly toward a minor, manipulated a university disciplinary process, and sought to silence protected speech. Plaintiff thus seeks to publicly litigate grave accusations against a non-party, while simultaneously arguing that the accused individual has no right to be heard, no protectable interest, and no entitlement to even minimal confidentiality.

Plaintiff's position is irreconcilable with Rule 24 and fundamental principles of fairness. Courts in this Circuit do not permit litigants to publicly accuse non-parties of serious wrongdoing, expose their identities, and then deny them standing to intervene for the limited purpose of protecting their privacy, safety, and due process interests. Plaintiff's attempt to recharacterize Woods-DeLeon's interests as merely reputational ignores the reality that disclosure of identity in connection with allegations of sexual misconduct is itself a concrete, immediate, and irreparable harm. Accordingly, Plaintiff's opposition should be rejected in full.

## ARGUMENT

### I.   WOODS-DELEON HAS A DIRECT, SUBSTANTIAL, AND LEGALLY PROTECTABLE INTEREST

Plaintiff's argument that Woods-DeLeon lacks a protectable interest rests on an artificially narrow view of Rule 24 that has been repeatedly rejected by courts in this Circuit.

### A.  The Interest at Stake Is Concrete

Plaintiff repeatedly asserts that Woods-DeLeon seeks intervention solely to protect his reputation. That framing is inaccurate. Woods-DeLeon seeks to protect: (i) his identity from public

association with unadjudicated allegations of sexual misconduct; (ii) his privacy as a student whose disciplinary records are referenced in a public complaint; and (iii) his personal safety and mental well-being, given the well-documented risks associated with public accusations of sexual assault.

Courts in this Circuit routinely recognize the privacy interests of non-parties as a direct and legally protectable interest. *See, e.g. Giuffre v. Maxwell,* Nos. 24-182, 24-203, 2025 WL 2055148, at *3 (2d Cir. July 23, 2025); *Doe v. Yeshiva University*, 703 F. Supp. 3d 473, 483–84 (S.D.N.Y. 2023).

Indeed, courts in this Circuit have repeatedly permitted intervention by non-parties where the pleadings threatened to disclose identities, confidential records, or sensitive personal information—even where the intervenor faced no formal liability in the action. See, e.g., *Blum v. Schlegel*, 150 F.R.D. 38, 39 (W.D.N.Y. 1993); *Lichtman v. Blom*, 1990 WL 241646, at *1 (S.D.N.Y. Dec. 27, 1990).  This is precisely the posture here.

Plaintiff's reliance on cases involving indirect reputational effects is misplaced. Those cases do not involve the public naming of a private individual as a sexual wrongdoer in federal court pleadings.

### B.  Plaintiff's Own Pleadings Confirm the Centrality of Woods-DeLeon's Identity

Plaintiff cannot plausibly argue that Woods-DeLeon's interest is remote or incidental when: (i) Woods-DeLeon is named repeatedly in the Complaint; (ii) his alleged conduct is described in detail; (iii) Plaintiff attributes motive, intent, and culpability to him; and (iv) Plaintiff claims institutional misconduct occurred at his behest.

Where a non-party is made a focal point of the factual narrative and is accused of serious misconduct, courts routinely grant pseudonymity to the non-party to protect that individual's interests. *Doe v. Trs. of Columbia Univ. in the City of New York,* No. 25-CV-1108 (ER), 2025 WL

2

2319513, at *8 (S.D.N.Y. Aug. 12, 2025). Plaintiff cannot both center Woods-DeLeon in the narrative and deny him standing to intervene.

### C. FERPA and Student Record Confidentiality Reinforce the Protectable Nature of the Interest

Plaintiff's attempt to dismiss FERPA as irrelevant because it creates no private right of action misconstrues Woods-DeLeon's argument. FERPA is relevant not as a cause of action, but as legislative recognition of the sensitivity and confidentiality of student educational and disciplinary records.

Courts regularly consider statutory continentality regimes when assessing whether an interest is legally protectable. *See Doe v. Trs. of Columbia Univ. in the City of New York*, 2025 WL 2319513, at *6 (factoring in Columbia's own polices requiring confidentiality of Title IX matters). The absence of a private enforcement mechanism does not negate the underlying privacy interest, particularly where the disclosure at issue is irreversible.

## II.    DISPOSITION OF THIS ACTION WILL IMPAIR WOODS-DELEON'S ABILITY TO PROTECT HIS INTERESTS

### A. Disclosure of Identity Is an Irreversible Harm

Courts consistently hold that privacy interests are impaired where denial of intervention would allow public disclosure that cannot later be undone. *See Lichtman v. Blom*, 1990 WL 241646, at *1. The internet, media reporting, and permanent public court records ensure that once Woods-DeLeon's name is associated with these allegations, no later remedy can restore confidentiality.

### B. Woods-DeLeon Has No Alternative Mechanism to Protect His Interests

Absent intervention, Woods-DeLeon has no procedural mechanism to seek redaction or sealing, request pseudonymity, or object to the scope of disclosures involving his identity.

3

Plaintiff's suggestion that Woods-DeLeon is free to file a separate lawsuit is beside the point. Rule 24 exists to prevent exactly this type of procedural dead end.

### III.    VASSAR DOES NOT ADEQUATELY REPRESENT WOODS-DELEON'S INTERESTS

Plaintiff's assertion that Vassar adequately represents Woods-DeLeon's interests is unsupported by the record and contradicted by common sense.

#### A.    Divergent Interests Defeat Any Presumption of Adequacy

Woods-DeLeon's interests are not represented by Vassar. Vassar's interests are institutional and defensive. Woods-DeLeon's interests, on the other hand, are personal, reputational, and safety-related. These interests are not aligned. Notably, (i) Vassar has not sought to pseudonymize Woods-DeLeon; (ii) Vassar has not moved to seal pleadings naming Woods-DeLeon; and (iii) Vassar may benefit strategically from distancing itself from Woods-DeLeon. Where Vassar faces liability and reputation exposure of its own, it cannot possibly adequately represent Woods-DeLeon's interests.

#### B.    Plaintiff's Own Allegations Undermine the Adequacy Argument

Plaintiff alleges that Vassar acted improperly, retaliated, and misused Title IX procedures. It is inconsistent for Plaintiff to argue on one hand that Vassar is a bad faith actor, while on the other hand insisting that Vassar can be trusted to protect Woods-DeLeon's interests.

### IV.    PERMISSIVE INTERVENTION IS WARRANTED EVEN IF INTERVENTION AS OF RIGHT WERE DENIED

Even if the Court were to conclude that Woods-DeLeon does not satisfy Rule 24(a), permissive intervention under Rule 24(b) is plainly appropriate. Woods-DeLeon seeks limited intervention solely to address pseudonymity, sealing, and confidentiality. Granting that relief will

not expand discovery, delay adjudication, or prejudice any party. Courts in this Circuit regularly grant permissive intervention in similar circumstances.

### V. THE SEALED PLAINTIFF FACTORS STRONGLY FAVOR PSEUDONYMITY

Plaintiff's factor by factor analysis selectively ignores Second Circuit precedent and misapplies the balancing test.

#### A. This Case Involves Highly Sensitive and Personal Matters

Allegations of sexual misconduct, particularly involving students, are among the most sensitive matters addressed in civil litigation. Courts in this Circuit routinely pseudonymize both the accused and accuser in such contexts, including non-parties. Plaintiff's attempt to reserve sensitivity for only victims finds no support in controlling law.

#### B. Identification Creates a Serious Risk of Harm

Plaintiff's own rhetoric demonstrates the significant risk of harm should Woods-DeLeon's identity continue to be disclosed. The opposition labels Woods-DeLeon a criminal actor, imputes improper motives, and accuses him of manipulating institutional processes. Public disclosure in this context predictably invites harassment, threats, and long-term stigma.

#### C. Disclosure Itself Is the Injury

This factor weighs heavily in favor of anonymity where, as here, the alleged injury—loss of privacy and safety—flows directly from disclosure. Absent intervention, Woods-DeLeon as a non-party has no other mechanism to protect his own privacy.

#### D. Plaintiff Will Not Be Prejudiced

Plaintiff articulates no concrete litigation prejudice from granting Woods-DeLeon pseudonymity. Plaintiff knows Woods-DeLeon's identity and can litigate all claims fully without public disclosure of his name.

**E.  The Public Interest Is Not Served by Naming a Non-Party Student**

The public interest lies in adjudicating whether Vassar acted lawfully, not in publicizing the identity of a private individual who is not a party to the litigation.

## VI.    SEALING IS NECESSARY AND NARROWLY TAILORED

Woods-DeLeon seeks sealing only of materials that publicly identify him or disclose sensitive student record information. The sealing requested is limited to protect compelling privacy interests while preserving public access to the substance of the litigation.

## CONCLUSION

For the reasons stated above, Woods-DeLeon respectfully requests that this Court grant his motion to intervene and proceed via pseudonym, and seal the Complaint and other initiating documents in this matter which publicly identify him, and replace Woods-DeLeon's name with "John Doe."

**Dated: New York, New York**
      **January 20, 2026**

                                    **NESENOFF & MILTENBERG, LLP**

                       By: /s/ Andrew T. Miltenberg
                           Andrew T. Miltenberg, Esq.
                           Stuart Bernstein, Esq.
                           Kristen Mohr, Esq.
                           363 Seventh Avenue, Fifth Floor
                           New York, New York 10001
                           T. (212) 736-4500
                           amiltenberg@nmllplaw.com
                           sbernstein@nmllplaw.com
                           kmohr@nmllplaw.com

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **HUDSON DOUBLE,** | |
| *Plaintiff,* | **Case No.: 7:25-cv-10512-PMH** |
| -against- | |
| **VASSAR COLLEGE,** | |
| *Defendant.* | |

**Andrew Miltenberg**, an attorney duly admitted to practice before the United States District Court for the Southern District of New York, certifies pursuant to Local Civil Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, that the total number of words in the Reply Memorandum of Law in Support of Motion to Intervene, exclusive of the cover page, captions, and signature block, is 1,386 words, according to the "Word Count" function of Microsoft Word, the word-processing system used to prepare the document. Thus, the document complies with the word count limit of no more than 3,500 words set forth in Rule 7.1(c).

Dated: New York, New York
      January 20, 2026

            **NESENOFF & MILTENBERG, LLP**

            By: */s/ Andrew T. Miltenberg*
            Andrew T. Miltenberg, Esq.

## <u>CERTIFICATE OF SERVICE</u>

I, Andrew T. Miltenberg, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be served upon anyone indicated as a non-registered participant.

*/s/ Andrew T. Miltenberg*
Andrew T. Miltenberg, Esq.
