**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____

HUDSON DOUBLE,

                Plaintiff,                            **ANSWER**

       -against-

VASSAR COLLEGE,                        Case No.: 7:25-cv-10512

                Defendant.

_____

Defendant Vassar College (the "College" or "Vassar"), by and through its attorneys, Hodgson Russ LLP, for its Answer to Plaintiff's Complaint, states upon information and belief as follows:

1.     The College states in response to the allegations set forth in paragraph 1 of the Complaint that these allegations constitute legal conclusions, not averments of fact, and thus no response is required.

2.     The College states in response to the allegations set forth in paragraph 2 of the Complaint that these allegations constitute legal conclusions, not averments of fact, and thus no response is required.

3.     The College states in response to the allegations set forth in paragraph 3 of the Complaint that these allegations constitute legal conclusions, not averments of fact, and thus no response is required.

4.      The College states in response to the allegations set forth in paragraph 4 of the Complaint that these allegations constitute legal conclusions, not averments of fact, and thus no response is required.

5.      The College admits that plaintiff is enrolled as an undergraduate student at Vassar, matriculated at Vassar in Fall 2023, and his major is currently listed as Science, Technology, and Society. The College states that plaintiff's permanent address is in Chapel Hill, North Carolina.

6.      The College states in response to the allegations set forth in paragraph 6 of the Complaint that Vassar College is an institution of higher learning organized and existing under the laws of the State of New York, and further states that the College currently is located in Poughkeepsie, New York and the County of Dutchess, with a primary address at 124 Raymond Avenue in Poughkeepsie.

7.      The College states in response to the allegations set forth in paragraph 7 of the Complaint that these allegations constitute legal conclusions, not averments of fact, and thus no response is required.

8.      The College admits Sebastian Woods-DeLeon was in the first semester of his freshman year at Vassar in the Fall of 2024.

9.      The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10.      The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11.      The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12.     The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint, including knowledge or information with respect to the subjective state of mind of Woods-DeLeon.

13.     The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14.     The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15.     The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16.     The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17.     The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18.     The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19.     The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20.     The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21.     The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22.     The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23.     The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

24.     The College states in response to the allegations set forth in paragraph 24 of the Complaint that these allegations constitute legal conclusions, not averments of fact, and thus no response is required.

25.     The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint, including knowledge or information with respect to the subjective state of mind of Jane Doe.

26.     The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27.     The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

28.     The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29.     The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint.

30.     The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint, including knowledge or information with respect to the subjective state of mind of Jane Doe.

31.     The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

32.     The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

33.     The College states in response to the allegations set forth in paragraph 33 of the Complaint, pursuant to the Family Educational Rights and Privacy Act ("FERPA") in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 33. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.[1]

34.     The College denies the allegations set forth in paragraph 34 of the Complaint.

35.     The College denies the allegations set forth in paragraph 35 of the Complaint.

36.     The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint.

37.     The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint.

38.     The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint.

39.     The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint.

40.     The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint.

---

[1] Plaintiff appears to have copied FERPA-protected Title IX records in violation of Vassar's Title IX Sexual Harassment Policy, and these materials should not have been filed. This issue will need to be addressed at the Rule 16 conference.

41.    The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint.

42.    The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.

43.    The College denies the allegations set forth in paragraph 43 of the Complaint.

44.    The College admits in response to the allegations set forth in paragraph 44 of the Complaint that the College became aware that plaintiff posted anonymously to Fizz on April 18, 2025, but denies knowledge or information sufficient to form a belief as to the truth of the allegation that the post was "after Woods-DeLeon's band performed on campus."

45.    The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint.

46.    The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint, including allegations related to plaintiff's subjective state of mind.

47.    The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint, including allegations related to plaintiff's subjective state of mind.

48.    The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint, including allegations related to plaintiff's subjective state of mind.

49.    The College admits that Professor Eva Woods Peiró is a Professor of Hispanic Studies and Director of Media Studies at the College, and denies knowledge or information

sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 49 of the Complaint.

50.     The College admits that Professor Woods Peiró has been at Vassar since 2000, but the allegation set forth in paragraph 50 of the Complaint that she held "significant roles" within the Support Advocacy and Violence Prevention Program is a subjective, relative term that can neither be denied nor admitted.

51.     The College denies the characterization that Professor Woods Peiró "steered her son through Vassar's administrative channels," and denies the remaining allegations set forth in paragraph 51 of the Complaint.

52.     The College states in response to the allegations set forth in paragraph 52 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 52. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

53.     The College denies the allegations set forth in paragraph 53 of the Complaint.

54.     The College states in response to the allegations set forth in paragraph 54 of the Complaint that Belinda Guthrie has been Vassar's Assistant Vice President for Institutional Equity and Title IX Coordinator since October 2021, was the Director of Disability and Support Services at Vassar from 1997 to 2003, and was the Associate Dean of the College and Director of Equal Opportunity from 2003 to 2012.

55.     The College denies the incomplete and misleading characterization set forth in paragraph 55 of the Complaint and incorporates Vassar's Title IX Sexual Harassment Policy for a description of the Title IX Coordinator's role, responsibilities, and authority.

56.     The College denies the incomplete and misleading characterization set forth in paragraph 56 of the Complaint and incorporates Vassar's Title IX Sexual Harassment Policy for a description of the Title IX Coordinator's role, responsibilities, and authority.

57.     The College denies the incomplete and misleading characterization set forth in paragraph 57 of the Complaint and incorporates Vassar's Title IX Sexual Harassment Policy for a description of the Title IX Coordinator's role, responsibilities, and authority.

58.     The College denies the incomplete and misleading characterization set forth in paragraph 58 of the Complaint and incorporates Vassar's Title IX Sexual Harassment Policy for a description of the Title IX Coordinator's role, responsibilities, and authority.

59.     The College denies the allegations set forth in paragraph 59 of the Complaint.

60.     The College states in response to the allegations set forth in paragraph 60 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 60. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

61.     The College states in response to the allegations set forth in paragraph 61 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College

cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 61. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

62.    The College states in response to the allegations set forth in paragraph 62 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 62. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

63.    The College states in response to the allegations set forth in paragraph 63 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 63. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

64.     The College states in response to the allegations set forth in paragraph 64 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 64. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

65.     The College states in response to the allegations set forth in paragraph 65 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 65. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

66.     The College states in response to the allegations set forth in paragraph 66 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 66. Finally, the College incorporates the

documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

67.     The College states in response to the allegations set forth in paragraph 67 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 67. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

68.     The College states in response to the allegations set forth in paragraph 68 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 68. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

69.     The College states in response to the allegations set forth in paragraph 69 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's

characterization of the facts as stated in paragraph 69. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

70.    The College states in response to the allegations set forth in paragraph 70 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 70. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

71.    The College denies the allegations set forth in paragraph 71 of the Complaint.

72.    The College states in response to the allegations set forth in paragraph 72 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 72. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

73.    The College states in response to the allegations set forth in paragraph 73 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records

absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 73. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

74.    The College states in response to the allegations set forth in paragraph 74 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 74. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

75.    The College states in response to the allegations set forth in paragraph 75 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 75. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

76.    The College states in response to the allegations set forth in paragraph 76 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College

cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 76. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

77.    The College states in response to the allegations set forth in paragraph 77 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 77. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

78.    The College denies the allegations set forth in paragraph 78 of the Complaint.

79.    The College states in response to the allegations set forth in paragraph 79 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 79. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

80.     The College states in response to the allegations set forth in paragraph 80 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 80. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

81.     The College states in response to the allegations set forth in paragraph 81 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 81. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

82.     The College states in response to the allegations set forth in paragraph 82 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 82. Finally, the College incorporates the

documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

83.    The College states in response to the allegations set forth in paragraph 83 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 83. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

84.    The College states in response to the allegations set forth in paragraph 84 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 84. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

85.    The College admits in response to the allegations set forth in paragraph 85 of the Complaint that Ms. Guthrie is an Affiliated Consultant for The NCHERM Group, and states that, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise

16

acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 85. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

86.     The College states in response to the allegations set forth in paragraph 86 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 86. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

87.     The College states in response to the allegations set forth in paragraph 87 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 87. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

88.     The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88 of the Complaint.

89.     The College states in response to the allegations set forth in paragraph 89 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 89. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved. To the extent the allegations set forth in paragraph 89 of the Complaint constitute legal conclusions, not averments of fact, no response is required.

90.     The College states in response to the allegations set forth in paragraph 90 of the Complaint that these allegations constitute legal conclusions, not averments of fact, and thus no response is required.

91.     The College states in response to the allegations set forth in paragraph 91 of the Complaint that these allegations constitute legal conclusions, not averments of fact, and thus no response is required.

92.     The College denies the allegations set forth in paragraph 92 of the Complaint.

93.     The College states in response to the allegations set forth in paragraph 93 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 93. Finally, the College incorporates the

documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

94.      The College states in response to the allegations set forth in paragraph 94 of the Complaint that these allegations constitute legal conclusions, not averments of fact, and thus no response is required. The College also states in response to the allegations set forth in paragraph 94 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 94. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

95.      The College states in response to the allegations set forth in paragraph 95 of the Complaint that these allegations constitute legal conclusions, not averments of fact, and thus no response is required. The College also states in response to the allegations set forth in paragraph 95 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 95. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

96.     The College states in response to the allegations set forth in paragraph 96 of the Complaint that these allegations constitute legal conclusions, not averments of fact, and thus no response is required. The College also states in response to the allegations set forth in paragraph 96 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 96. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

97.     The College states in response to the allegations set forth in paragraph 97 of the Complaint that these allegations constitute legal conclusions, not averments of fact, and thus no response is required. The College also states in response to the allegations set forth in paragraph 97 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 97. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

98.     The College states in response to the allegations set forth in paragraph 98 of the Complaint that these allegations constitute legal conclusions, not averments of fact, and thus no response is required. The College also states in response to the allegations set forth in paragraph

98 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 98. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

99.    The College states in response to the allegations set forth in paragraph 99 of the Complaint that these allegations constitute legal conclusions, not averments of fact, and thus no response is required. The College also states in response to the allegations set forth in paragraph 99 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 99. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

100.    The College states in response to the allegations set forth in paragraph 100 of the Complaint that these allegations constitute legal conclusions, not averments of fact, and thus no response is required. The College also states in response to the allegations set forth in paragraph 100 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated

Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 100. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

101.    The College states in response to the allegations set forth in paragraph 101 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 101. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

102.    The College states in response to the allegations set forth in paragraph 102 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 102. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

103.    The College denies the allegations set forth in paragraph 103 of the Complaint that Vassar "engaged in [a] retaliatory investigation," and denies knowledge or information sufficient

to form a belief as to the truth of the remaining allegations set forth in this paragraph, including knowledge or information with respect to the subjective state of mind of plaintiff.

104.    The College denies the allegations set forth in paragraph 104 of the Complaint that Vassar retaliated against plaintiff, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph, including knowledge or information with respect to the subjective state of mind of plaintiff.

105.    The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 105 of the Complaint.

106.    The College denies the allegations set forth in paragraph 106 of the Complaint that Vassar retaliated against plaintiff, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

107.    The College denies the allegations set forth in paragraph 107 of the Complaint that Vassar retaliated against plaintiff, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

108.    The College denies the allegations set forth in paragraph 108 of the Complaint that Vassar retaliated against plaintiff, denies that the College "took no disciplinary or remedial action," and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

109.    The College denies the allegations set forth in paragraph 109 of the Complaint that Vassar retaliated against plaintiff, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

110.    The College denies the allegations set forth in paragraph 110 of the Complaint that Vassar engaged in a "retaliatory investigation," and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

111.    The College denies the allegations set forth in paragraph 111 of the Complaint that Vassar retaliated against plaintiff, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

112.    The College denies the allegations set forth in paragraph 112 of the Complaint that Vassar retaliated against plaintiff, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.

113.    The College denies the allegations set forth in paragraph 113 of the Complaint.

114.    The College denies that it engaged in a "retaliatory investigation," denies plaintiff's characterization of the referenced documents, and refers to the document for its contents.

115.    The College states in response to the allegations set forth in paragraph 115 of the Complaint that the Court is respectfully referred to the College's Policy Against Discrimination, Harassment & Sexual Misconduct; Discrimination, Harassment, & Sexual Misconduct Resolution Process; Title IX Sexual Harassment Policy; and Students' Bill of Rights: Sexual Misconduct and Sexual Violence Policies for the best evidence of their content and context, and denies that the College violated its policies.

116.    The College denies the allegations set forth in paragraph 116 of the Complaint.

117.    The College denies the allegations set forth in paragraph 117 of the Complaint.

118.    The College states in response to the allegations set forth in paragraph 118 of the Complaint that the Court is respectfully referred to the College's Policy Against Discrimination, Harassment & Sexual Misconduct; Discrimination, Harassment, & Sexual Misconduct Resolution

Process; Title IX Sexual Harassment Policy; and Students' Bill of Rights: Sexual Misconduct and Sexual Violence Policies for the best evidence of their content and context, and denies that the College violated its policies.

119.     The College states in response to the allegations set forth in paragraph 119 of the Complaint that the Court is respectfully referred to the College's Policy Against Discrimination, Harassment & Sexual Misconduct; Discrimination, Harassment, & Sexual Misconduct Resolution Process; Title IX Sexual Harassment Policy; and Students' Bill of Rights: Sexual Misconduct and Sexual Violence Policies for the best evidence of their content and context, and denies that the College violated its policies.

120.     The College states in response to the allegations set forth in paragraph 120 of the Complaint that the Court is respectfully referred to the College's Policy Against Discrimination, Harassment & Sexual Misconduct; Discrimination, Harassment, & Sexual Misconduct Resolution Process; Title IX Sexual Harassment Policy; and Students' Bill of Rights: Sexual Misconduct and Sexual Violence Policies for the best evidence of their content and context, and denies that the College violated its policies.

121.     The College states in response to the allegations set forth in paragraph 121 of the Complaint that the Court is respectfully referred to the College's Policy Against Discrimination, Harassment & Sexual Misconduct; Discrimination, Harassment, & Sexual Misconduct Resolution Process; Title IX Sexual Harassment Policy; and Students' Bill of Rights: Sexual Misconduct and Sexual Violence Policies for the best evidence of their content and context, and denies that the College violated its policies.

122.    The College in response to the allegations set forth in paragraph 122 of the Complaint repeats and realleges the denials and responses to the incorporated averments, as if those denials and responses had been set forth at length here.

123.    The College states that the allegations set forth in paragraph 123 of the Complaint constitute legal conclusions, not averments of fact, and thus no response is required.

124.    The College states that the allegations set forth in paragraph 124 of the Complaint contain no averment of fact, and thus no response is required.

125.    The College denies the allegations set forth in paragraph 125 of the Complaint.

126.    The College states that the allegations set forth in paragraph 126 of the Complaint contain no averment of fact, and thus no response is required.

127.    The College denies the allegations set forth in paragraph 127 of the Complaint.

128.    The College states in response to the allegations set forth in paragraph 128 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 128. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

129.    The College states in response to the allegations set forth in paragraph 129 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title

IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 129. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved.

130.    The College states in response to the allegations set forth in paragraph 130 of the Complaint that these allegations constitute legal conclusions, not averments of fact, and thus no response is required.

131.    The College states in response to the allegations set forth in paragraph 131 of the Complaint that these allegations constitute legal conclusions, not averments of fact, and thus no response is required.

132.    The College denies the allegations set forth in paragraph 132 of the Complaint.

133.    The College denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 133 of the Complaint, including knowledge or information with respect to the subjective state of mind of plaintiff.

134.    The College states in response to the allegations set forth in paragraph 134 of the Complaint, pursuant to FERPA in 20 U.S.C. Section 1232g and 34 C.F.R. Part 99, that the College cannot confirm, comment upon, or disclose any information maintained in education records absent student consent, appropriate judicial order, or waiver; the College denies it violated Title IX or otherwise acted improperly with respect to plaintiff, and further denies plaintiff's characterization of the facts as stated in paragraph 134. Finally, the College incorporates the documents contained within the file of the underlying Title IX proceeding, which will be produced once appropriate protective orders are in place and the FERPA issues are resolved. To the extent

plaintiff's allegations in paragraph 134 constitute legal conclusions, not averments of fact, no response is required.

135.    The College states in response to the allegations set forth in paragraph 135 of the Complaint that these allegations constitute legal conclusions, not averments of fact, and thus no response is required.

136.    The College denies the allegations set forth in paragraph 136 of the Complaint.

137.    The College denies the allegations set forth in paragraph 137 of the Complaint.

138.    The College denies the allegations set forth in paragraph 138 of the Complaint.

139.    The College denies the allegations set forth in paragraph 139 of the Complaint.

140.    The College denies the allegations set forth in paragraph 140 of the Complaint.

141.    The College denies the allegations set forth in paragraph 141 of the Complaint.

142.    The College in response to the allegations set forth in paragraph 142 of the Complaint repeats and realleges the denials and responses to the incorporated averments, as if those denials and responses had been set forth at length here.

143.    The College in response to the allegations set forth in paragraph 143 of the Complaint repeats and realleges the denials and responses to the incorporated averments, as if those denials and responses had been set forth at length here.

144.    The College states that the allegations set forth in paragraph 144 of the Complaint contain no averment of fact, and thus no response is required.

145.    The College states in response to the allegations set forth in paragraph 145 of the Complaint that these allegations constitute legal conclusions, not averments of fact, and thus no response is required.

146.    The College denies the allegations set forth in paragraph 146 of the Complaint.

147.    The College denies the allegations set forth in paragraph 147 of the Complaint.

148.    The College denies the allegations set forth in paragraph 148 of the Complaint.

149.    The College denies the allegations set forth in paragraph 149 of the Complaint.

150.    The College denies the allegations set forth in paragraph 150 of the Complaint.

151.    The College denies the allegations set forth in paragraph 151 of the Complaint.

152.    The College in response to the allegations set forth in paragraph 152 of the Complaint repeats and realleges the denials and responses to the incorporated averments, as if those denials and responses had been set forth at length here.

153.    The College admits in response to the allegations set forth in paragraph 153 of the Complaint that plaintiff is an undergraduate student at Vassar.

154.    The College denies the allegations set forth in paragraph 154 of the Complaint.

155.    The College denies the allegations set forth in paragraph 155 of the Complaint.

156.    The College denies the allegations set forth in paragraph 156 of the Complaint.

157.    The College denies the allegations set forth in paragraph 157 of the Complaint.

158.    The College denies the allegations set forth in paragraph 158 of the Complaint.

159.    The College in response to the allegations set forth in paragraph 159 of the Complaint repeats and realleges the denials and responses to the incorporated averments, as if those denials and responses had been set forth at length here.

160.    The College denies the allegations set forth in paragraph 160 of the Complaint.

161.    The College denies the allegations set forth in paragraph 161 of the Complaint.

162.    The College denies the allegations set forth in paragraph 162 of the Complaint.

163.    The College denies the allegations set forth in paragraph 163 of the Complaint.

164.    The College denies the allegations set forth in paragraph 164 of the Complaint.

165.   The College denies the allegations set forth in paragraph 165 of the Complaint.

166.   The College in response to the allegations set forth in paragraph 166 of the Complaint repeats and realleges the denials and responses to the incorporated averments, as if those denials and responses had been set forth at length here.

167.   The College denies the allegations set forth in paragraph 167 of the Complaint.

168.   The College states in response to the allegations set forth in paragraph 168 of the Complaint that these allegations constitute legal conclusions, not averments of fact, and thus no response is required.

169.   The College denies the allegations set forth in paragraph 169 of the Complaint.

170.   The College denies the allegations set forth in paragraph 170 of the Complaint.

171.   The College denies the allegations set forth in paragraph 171 of the Complaint.

172.   The College denies the allegations set forth in paragraph 172 of the Complaint.

173.   The College in response to the allegations set forth in paragraph 173 of the Complaint repeats and realleges the denials and responses to the incorporated averments, as if those denials and responses had been set forth at length here.

174.   The College denies the allegations set forth in paragraph 174 of the Complaint.

175.   The College denies the allegations set forth in paragraph 175 of the Complaint.

176.   The College states in response to the allegations set forth in paragraph 176 of the Complaint that these allegations constitute legal conclusions, not averments of fact, and thus no response is required.

177.   The College denies the allegations set forth in paragraph 177 of the Complaint.

178.   The College denies the allegations set forth in paragraph 178 of the Complaint.

179.   The College denies the allegations set forth in paragraph 179 of the Complaint.

180.    The College denies the allegations set forth in paragraph 180 of the Complaint.

181.    The College denies the allegations set forth in paragraph 181 of the Complaint.

182.    The College denies each other allegation, or portion thereof, not expressly addressed above.

**DEFENSES**

183.    By asserting the instant defenses, the College does not assume any burdens of proof or persuasion not otherwise imposed by law.

**FIRST DEFENSE**

184.    Plaintiff fails to state a claim against the College.

**SECOND DEFENSE**

185.    Plaintiff has failed to mitigate his alleged damages.

**THIRD DEFENSE**

186.    Plaintiff's claim is barred or limited by his own non-compliance, unlawful conduct, and/or the doctrines of equitable estoppel and/or laches.

**FOURTH DEFENSE**

187.    Plaintiff never engaged in protected activity.

**FIFTH DEFENSE**

188.    The College has a legitimate, non-discriminatory reason for initiating an investigation against plaintiff.

**SIXTH DEFENSE**

189.    Plaintiff's claims are barred by the applicable statutes of limitation.

**SEVENTH DEFENSE**

190.    Emotional distress damages are unavailable to a plaintiff asserting Title IX claims.

## <u>EIGHTH DEFENSE</u>

191.    Plaintiff has failed to satisfy a condition precedent.


Dated: February 13, 2026                    **HODGSON RUSS LLP**

                                            By: /s/ Christine M. Naassana
                                            Thomas S. D'Antonio
                                            Joshua M. Agins
                                            Christine M. Naassana

                                            1800 Bausch & Lomb Place
                                            Rochester, New York 14604
                                            (585) 454-0700
                                            tdantonio@hodgsonruss.com
                                            jagins@hodgsonruss.com
                                            cnaassana@hodgsonruss.com

                                            *Attorneys for Vassar College*