

48 Wall Street, Suite 1100
New York, NY 10005

Tel: 212-729-0952
www.HCLLPLaw.com

Phillip C. Hamilton
Managing Partner
Hamilton@HCLLPLaw.com

April 7, 2026

Hon. Philip M. Halpern
United States District Court Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

> **Re:** ***Double v. Vassar*, No. 7:25-cv-10512 (PMH) (JCM)**
> ***Letter-Motion In Opposition to Sebastian Woods-DeLeon's Second Motion to Intervene***

Dear Judge Halpern:

By this letter-motion, Plaintiff respectfully opposes Woods-DeLeon's **second** motion to intervene (ECF No. 23 ("Second Mot.")).

Woods-DeLeon already has a motion to intervene, his **first**, pending before this Court (ECF No. 6 ("Mot.")). Rather than awaiting a decision on that motion, Woods-DeLeon has filed a successive motion, which he characterizes as one for "renew[al]" (Second Mot. at 1 n.1). Far from a "renewal," this is a successive motion on identical grounds. Woods-DeLeon apparently relies on Plaintiff filing an Amended Complaint as justification for duplicating his motion. But a routine Amended Complaint, filed here, as of right, creates no new legal grounds for intervention. Thus, in all respects, Woods-DeLeon's successive motion is procedurally improper and should be stricken or denied.

### A. Woods-DeLeon's Second Motion Is Procedurally Improper

On its face, Woods-DeLeon's second motion to intervene is procedurally improper. He raises no new arguments and, instead, submits arguments identical to his first. *Compare* Mot. at 1-3 *with* Second Mot. at 1-3. As it stands, this Court has not yet ruled on the first motion, so there is quite simply nothing to reargue, reconsider or "renew." Importantly, Woods-DeLeon cites absolutely no authority permitting renewal in this posture and apparently did not seek leave from this Court before filing a successive motion. On these procedural grounds alone, the motion should be denied. *See generally Waheed v. Sands*, 23-cv-10899, 2024 WL 1719363, at *5 (S.D.N.Y. 2024) (denying motion where movant "has failed to show any bases for reconsideration because [movant] filed her motion before there was any Court decision to be reconsidered.").

**B. The Amended Complaint Did Not Reset the Intervention Clock or Authorize Successive Motions**

Woods-DeLeon apparently justifies this successive motion because Plaintiff filed an Amended Complaint. But he cites absolutely no authority for the proposition that an amended complaint resets the clock on a pending motion to intervene. He does not even attempt to justify a successive motion on timeliness grounds. Indeed, the second motion tethers his timeliness claims to the Original Complaint. *See* Second Mot. at 7-8 (asserting timeliness because "Plaintiff filed its Complaint on December 18, 2025. This motion was filed merely a few days later.").

Nor did the Amended Complaint raise anything new that would support additional grounds for intervention. Again, Woods-DeLeon's successive motion to intervene adds ***nothing*** to his first.

What Woods-DeLeon does amend is his Motion for Pseudonymity. That is misguided. Having failed to establish his right to intervene at the threshold, this Court need not reach his anonymity request, which is a right he may only invoke after he is granted the right to intervene.

Even entertained, on the pseudonymity question, Woods-DeLeon characterizes the Amended Complaint's updated allegations as "inflammatory" (Second Mot. at 9). That is hardly so. The Amended Complaint reports on the outcome of the Title IX proceedings, including that the Decision-Maker found Plaintiff not responsible for any Title IX violation, credited Plaintiff's speech as safety motivated and not knowingly false, and determined that Woods-DeLeon's allegations did not establish sex-based discrimination or harassment.

Nor, as Woods-DeLeon suggests, has Plaintiff "reframe[d]" anything (Second Mot. at 9). Plaintiff has always made clear from the outset that Vassar's conduct constituted retaliation for his protected speech (*see, e.g.* Original Complaint, ECF No. 5, at ¶¶ 133-139). The "framing" has remained the same. And Woods-DeLeon misreads the Original Complaint, because the quote from the student "my assault really happened" appeared in the Original Complaint (*see id.* at ¶ 87).

Tellingly, Woods-DeLeon does ***not*** dispute the accuracy of these updated allegations.[1] Instead, Woods-DeLeon casts aspersions on them because they reflect an outcome he does not like. But an outcome that displeases or embarrasses him does not give rise to a cognizable anonymity interest that outweighs the presumption of public access to judicial proceedings. *See Sealed Plaintiff v. Sealed Defendant*, 573 F.3d 185, 189 (2d Cir. 2008).

If anything, Woods-DeLeon's characterization reveals the motion's true purpose. Woods-DeLeon seeks not to protect a legitimate legal interest but to suppress a public record of retaliatory proceedings that ***he initiated, and induced Vassar to pursue,*** all of which now reflects poorly on him. None of this affords him relief under Rule 24.

---

[1] His new motion has also abandoned the claims made in his first motion, *inter alia*, that he was "not here on his own accord," he was "an innocent man being dragged through the mud by the Plaintiff for Plaintiff's own agenda," and he "has been purposefully dragged into this litigation for the Plaintiff's personal motives to destroy Mr. Woods-DeLeon's reputation." Mot. at 13-14. *Compare id. with* Second Mot. at 14 (allegations absent from Second Mot.).

**C. In the Alternative, this Court Should Consolidate and Deny the Motions.**

First, Plaintiff incorporates, here, his Opposition and Sur-Reply to the first motion (*see* ECF Nos. 7 & 18).

Woods-DeLeon's successive motion harms rather than helps him. Despite filing a second motion, he has not supplemented the threshold showing he failed to make in his first. As Plaintiff has argued, his first motion failed to establish a cognizable interest (ECF No. 7 at 3-5; ECF No. 18 at 1-2). Neither "confidentiality" nor "reputational" interests suffice (ECF No. 7 at 3-5; ECF No. 18 at 1-2).

Woods-DeLeon is in a weaker posture now than he was before. The Decision-Maker has rejected the reputational interest that formed the basis of Vassar's retaliatory action against Jane Doe and Plaintiff, to protect Woods-DeLeon. He has even less of a claimed interest in this action now because the Title IX claims against Plaintiff were, based on the ultimate outcome, never justified in the first instance.

Woods-DeLeon's motion to intervene also fails the adequacy of representation prong. While it's true that the burden to demonstrate inadequacy is, generally speaking, "minimal," the Second Circuit has "demanded a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective." *Carbon Charge Techs. LLC v. Talafous-Favetta,* No. 24-CV-00361, 2025 WL 2630669, at *5 (S.D.N.Y. Sept. 12, 2025) (Halpern, J.) (quoting *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001)).

Woods-DeLeon and Vassar have always been aligned. In its answers to both Plaintiff's Original and Amended Complaints, Vassar has repeatedly invoked FERPA (*see, e.g.,* ECF No. 20 at ¶¶ 33, 52, 60, *et al.*; ECF No. 22 at ¶¶ 33, 52, 60, *et al.*)—the identical grounds Woods-DeLeon relies on in both intervention motions as authority supporting his supposed interest in confidentiality (*see* Mot. at 2 n.3; Second Mot. at 2 n.3).

As Plaintiff has argued, that reliance is legally erroneous (*see* ECF No. 7 at 5). FERPA creates no legally cognizable right of action or private defense. And Woods-DeLeon has no greater rights under FERPA than Plaintiff who was equally a student at Vassar. Under FERPA, those education records are every bit as much Plaintiff's.

Nevertheless, where, as here, a would-be intervenor seeks to raise "affirmative defenses no different than the defendants' answer," the intervenor cannot overcome the presumption that "his interests are not already adequately represented by the party to the action." *American Lung Ass'n v. Reilly*, 141 F.R.D. 19 (E.D.N.Y. 1992). That is so even if Vassar later chooses an alternative course of defense than Woods-DeLeon may prefer. *See In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 301 (2d Cir. 2003) ("[T]here is no reason to believe that the [proposed intervenors'] interests will not be adequately protected ... simply because the plaintiffs ... have chosen a slightly different strategy and have raised slightly different claims").

Because "a failure to satisfy ***any one*** of these four requirements is a sufficient ground to deny the application," *Carbon Charge Techs. LLC,* No. 24-CV-00361, 2025 WL 2630669, at *5 (citation omitted) (emphasis in original), and Woods-DeLeon falls short of all four, both motions must be denied.

### D. Woods-DeLeon's Pattern of Successive, Procedurally Improper Motions Warrants Denial

Woods-DeLeon filed his first motion when the Original Complaint was filed. Woods-DeLeon then raised newly conceived claims in his reply (*see* ECF No. 17), which formed the basis of Plaintiff's sur-reply (ECF No. 18 at 1-2). Before this Court has even rendered a decision on his first motion, Woods-DeLeon has filed a second motion without seeking leave, without citing any procedural authority for doing so, and without adding anything new. He now characterizes an accurate account of the results of the Title IX action below as "inflammatory" while marshaling that as justification for filing again.

If Woods-DeLeon is permitted to intervene, there is every reason to expect this pattern to continue. There is no reason to believe that Woods-DeLeon will refrain from filing motion after motion, timed to whatever development in this litigation displeases him, consuming this Court's resources and burdening Plaintiff. *See Carbon Charge Techs. LLC,* No. 24-CV-00361, 2025 WL 2630669, at *6 (rejecting "permissive intervention" which "would add an unwelcome layer of complexity outweighing any advantage") (internal quotation marks and citation omitted).

Perhaps most telling is that Woods-DeLeon has now, himself, repeatedly placed his own name on the public docket. As Plaintiff has noted in Opposition to Woods-DeLeon's first motion (*see* ECF No. 7 at 17 n.7), Woods-DeLeon has made no effort to preliminarily pseudonymize his name in his own moving papers, as movants routinely do. *See Doe 1 v. United States*, 24-cv-1071, 2024 WL 3738626 (S.D.N.Y. 2024) (considering preliminarily pseudonymized names for purposes of motion, but rejecting renewed motion for anonymity and ordering that pleadings be refiled with the names stated); *see also Doe v. Colgate Univ.*, No. 5:15-cv-1069, 2015 WL 5177736, at *2 (N.D.N.Y. Sept. 4, 2015); *Doe v. Univ. of Vt.,* No. 2:21-cv-00137, 2022 WL 17811359, at *4 (D. Vt. Dec. 19, 2022).

Woods-DeLeon has now filed successive papers placing his own name on the public docket and openly identifying himself. ***Woods-DeLeon has voluntarily identified himself*** in public federal court filings, while simultaneously demanding that Plaintiff be prohibited from identifying him. Rather than protecting his own name, Woods-DeLeon's serial and improper motion practice reveals his true purpose, which is to control this litigation and protect his reputation, which ironically and not coincidentally is what led to all of this litigation in the first place. Vassar granted Woods-DeLeon and his mother, Professor Woods, extraordinary influence over conflict-ridden and retaliatory Title IX proceedings against Jane Doe and Plaintiff at the institutional level. Woods-DeLeon now seeks to import that same control over these proceedings. The Court should deny the motions in their entirety.

### E.  Conclusion

For the foregoing reasons, this Court should strike the second motion to intervene as procedurally improper.  Alternatively, this Court should consolidate both motions and deny them on the grounds already briefed in Plaintiff's here-incorporated Opposition and Sur-Reply (see ECF Nos. 7 & 18). Finally, pursuant to Rule 11, Plaintiff reserves the right to seek sanctions associated with any future meritless, duplicative, and serial motion practice by Woods-DeLeon that serves no legitimate procedural purpose.

Respectfully submitted,

*Phillip C. Hamilton*

Phillip C. Hamilton, Esq.