HAMILTON | CLARKE LLP

48 Wall Street, Suite 1100
New York, NY 10005

Tel: 212-729-0952
www.HCLLPLaw.com

Phillip C. Hamilton
Managing Partner
Hamilton@HCLLPLaw.com

Application granted. Plaintiff's request to limit his emotional damages claims to the "garden variety" type is granted and the complaint is deemed so amended.

SO ORDERED.

_______________________
Philip M. Halpern
United States District Judge

Dated: White Plains, New York
August 26, 2026

24, 2026

Hon. Philip M. Halpern
United States District Court Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

VIA ECF

**Re: *Double v. Vassar College*, No. 7:25-cv-10512 (PMH) (JCM)**

Dear Judge Halpern:

The parties have exchanged initial disclosures, and Plaintiff has furnished Defendant with his first set of interrogatories and requests for production. Accordingly, Plaintiff now writes at this early stage of discovery to clarify a matter that may otherwise become a subject of dispute and to ensure that there is no confusion going forward about the nature and scope of Plaintiff's damages claims.

The Complaint alleges that Plaintiff suffered psychological and physical symptoms, including new mental health diagnoses, panic attacks, depressive symptoms, gastrointestinal distress, and increased physical illness. *See* ECF No. 27 ¶¶ 151-52. Plaintiff acknowledges that, taken together, these pleaded allegations describe harm exceeding ordinary or "garden variety" emotional distress. Of course, these conditions and symptoms are not elements of Plaintiff's causes of action, and damages under the NYSHRL claim require no particular degree of emotional injury or diagnosed mental health condition. In light of that, and after consulting with counsel, Plaintiff has chosen to narrow his emotional damages claims to the "garden variety" type and does not wish to waive the psychotherapist-patient privilege protecting confidential communications made for the purposes of diagnosis or treatment. *See Jaffee v. Redmond*, 518 U.S. 1, 10-15 (1996).

In this Circuit, a Plaintiff does not forfeit the psychotherapist-patient privilege merely by seeking garden variety emotional distress claims and may preserve the privilege by withdrawing claims beyond "garden variety" emotional distress. *See In re Sims*, 534 F.3d 117, 130-35 (2d Cir. 2008) ("[A] plaintiff may withdraw or formally abandon all claims for emotional distress in order to avoid forfeiting his psychotherapist-patient privilege."). Plaintiff also recognizes that this election "will impact both [his] recovery and what [he] can testify to at trial." *Lyon v. Paramount Glob.*, No. 22-cv-9229, 2023 WL 6664554, at *2 (S.D.N.Y. Oct. 12, 2023). Plaintiff further recognizes that "evidence of emotional harm [will be] limited to the plaintiff's testimony, which 'describes his injuries in vague or conclusory terms, and fails to relate the severity or consequences of the injury.'" *Haygood v. Mastercard Int'l Inc.*, 1:25-cv-03548, 2026 WL 962482, at *2-3

(S.D.N.Y. Apr. 9, 2026) (quoting *Sooroojballie v. Port Auth. of New York & New Jersey*, 816 F. App'x 536, 546 (2d Cir. 2020)).

Accordingly, Plaintiff now formally and irrevocably withdraws any claim for emotional distress damages beyond garden variety emotional distress. Plaintiff's claim for emotional distress damages will be limited to garden variety emotional distress. *See Haygood*, 2026 WL 962482 at *2, 3 (finding that "Plaintiff has a choice . . . to abandon [his] severe emotional distress claims and only assert garden-variety emotional distress claims to avoid having [his] medical records produced," and accepting the filing of Plaintiff's "letter to the ECF docket confirming that [he] will only seek garden-variety emotional distress damages in this case."); *see also Oakley v. MSG Networks, Inc.*, No. 17-cv-6903 (RJS), 2025 WL 71846, at *2 (S.D.N.Y. Jan. 9, 2025) (accepting plaintiff's "letter to the Court clarifying that he is seeking only garden variety damages for emotional distress in this case. (*See* Doc. No. 242 at 1.)").

Should the Court prefer, Plaintiff is prepared to submit a sworn declaration memorializing this withdrawal of emotional distress damages beyond garden variety claims.

Respectfully submitted,

*Phillip C. Hamilton*

Phillip C. Hamilton